(No. 69919.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. WILLIAM HORTON, Appellant.

*Opinion filed March 21, 1991.*

CALVO, BILANDIC and HEIPLE, JJ., took no part.

14

G. Joseph Weller, Deputy Defender, and Thomas A. Lilien, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Terence M. Madsen and Nathan P. Maddox, Assistant Attorneys General, of counsel), for the People.

JUSTICE CLARK delivered the opinion of the court:

The issue before this court is whether defendant's two stipulated bench trials, in the circuit court of Du Page County, were tantamount to guilty pleas requiring admonishments under Supreme Court Rule 402 because defense counsel conceded the sufficiency of the evidence to convict. Defendant also argues that he was denied effective assistance of counsel when defense counsel conceded the sufficiency of the evidence. We hold that defendant's first stipulated bench trial was not tantamount to a guilty plea, but his second stipulated bench trial was tantamount to a guilty plea, and thus he was entitled to admonishments under Rule 402. In addition, we conclude that defendant was not denied his sixth amendment right to effective assistance of counsel.

On November 18, 1987, the Du Page County grand jury returned a 10-count indictment against defendant, William Horton. The charges arose from three separate incidents. In counts I through III, defendant was charged with armed robbery, armed violence and aggravated battery for taking property from John Marzolo and striking Marzolo on July 16, 1987; in counts IV through VIII, defendant was charged with two counts each of armed robbery and armed violence and one count of aggravated battery for taking property from Ted Selnes and Gerald Konopka and striking Selnes on July 19, 1987; in counts IX and X, defendant was

charged with armed robbery and armed violence for taking property from Robert Hanrahan on July 10, 1987. In two separate stipulated bench trials, defendant was convicted of three counts of armed robbery and two counts of aggravated battery for the July 16 and July 19 incidents. The armed violence counts were merged with the armed robbery counts. Subsequently, in a third bench trial in which the evidence was not stipulated, defendant was acquitted of the offenses relating to the July 10 incident. Defendant was sentenced to concurrent terms of 15 years' imprisonment for the three armed robbery convictions and three years' imprisonment for the two aggravated battery convictions.

The appellate court affirmed defendant's convictions, holding that "if a defendant has preserved a defense in a stipulated bench trial, the proceeding is not tantamount to a guilty plea." (193 Ill. App. 3d 695, 703.) We granted defendant's petition for leave to appeal (107 Ill. 2d R. 315).

Defendant was represented throughout the proceedings by an assistant public defender who also represented codefendant, Charles Nunnery. Nunnery was charged with the same five counts as defendant for the July 19 incident. Prior to the two stipulated bench trials, defense counsel filed a joint pretrial motion to suppress identification evidence on behalf of defendant and Nunnery. Specifically, the motion sought to quash their arrests and suppress the evidence obtained as a result of their arrests, which included identification of defendant and Nunnery at lineups and sets of fingerprints used for comparison purposes. This motion was denied. Counsel also filed a pretrial motion alleging that defendant's lineups were conducted unfairly and suggestively. This motion was also denied after an evidentiary hearing.

Subsequently, counsel filed a motion to sever the multiple counts against defendant into three groups, since

the charges arose from three separate incidents. The trial court granted this motion.

At a pretrial hearing, defense counsel advised the court that defendant and Nunnery would waive their right to a jury trial and proceed under a stipulated bench trial. The trial court admonished defendant of his right to a jury trial and accepted defendant's jury waiver. Defense counsel also stated:

"The purpose of the stipulated bench trials, as I advised the prosecutor prior to appearance before the court, is to preserve a prior motion to quash arrest and suppress identification. *We are not contesting the sufficiency of the evidence against these defendants, both have been identified in line-ups, both have fingerprints at the scene.*" (Emphasis added.)

At the first stipulated bench trial, defendant and Nunnery were tried for the July 19 incident. All of the State's evidence was presented by way of stipulation except for the testimony of Ted Selnes. Selnes stated that on July 19, 1987, he went to a gas station in Westmont at 10:45 p.m. After putting gas into his car, Selnes entered the gas station to pay the attendant. At this time, a tall, black man displayed a revolver and struck him on the head with the gun. The man pushed Selnes into the back room of the station where the station attendant was already being held. Subsequently, a small, black man took Selnes' wallet, and the two men departed. Selnes stated that he was unable to identify either assailant at a lineup. Following this testimony, defense counsel conducted a brief cross-examination of Selnes.

It was stipulated at trial that if Gerald Konopka were called to testify, he would state that he was the gas station attendant on July 19. At approximately 10:45 p.m., two black men, one tall and one short, entered the gas station and proceeded to rob the station and Konopka. Konopka would also testify that at a lineup he identified

defendant as the taller assailant and Nunnery as the shorter one. Konopka would have made the same identification in court.

Another stipulation involved the fingerprint evidence. This stipulation read that two prints on the gas station counter and one on the phone matched Nunnery's prints, and three latent prints on a gas can recovered at the scene matched defendant's prints.

The State rested after presenting Selnes' testimony and these stipulations. The court then asked defendant and Nunnery if they wanted to testify or present any evidence for the defense. Both declined to do so. After the State's brief closing argument, defense counsel stated: *"[T]he defendants are not contesting the sufficiency of the evidence to convict* with reference [to] these charges that are before the court at this time. The purpose of the stipulation is to preserve appeal on the previously denied motions to quash arrest and suppress the lineup." (Emphasis added.) The trial court found defendant and Nunnery guilty of two counts of armed robbery and one count of aggravated battery.

Immediately following this first stipulated bench trial, defendant was tried by a stipulated bench trial for the July 16 incident. At this trial, all of the State's evidence was presented by stipulation. Specifically, the parties stipulated that John Marzolo would have testified that he was driving a cab in Elmhurst at 1:45 a.m. on July 16. Two black men approached the cab as it was stopped. The taller black man produced a gun and struck Marzolo in the head several times. The shorter black man entered the cab from the passenger side door and took Marzolo's wallet. Both assailants then ran away. In addition, Marzolo identified defendant in a lineup as the taller assailant.

After the State informed the court of Marzolo's stipulated testimony, defense counsel stated:

"I am not trying to argue the innocence of the defendant, but the defendant does wish to contest or would hold the State to prove, through the testimony of Mr. Marzolo, who actually struck him. I have discussed the accountability rule with my client. And he, through me, acknowledges that there is sufficient evidence to convict him of armed robbery and aggravated battery as charged. *** *[I]n terms of [the] sufficiency of the evidence, we are stipulating.*" (Emphasis added.)

After this exchange, the prosecutor read a written stipulation that Marzolo did in fact identify defendant at a lineup, and that a latent fingerprint from the cab's window matched defendant's left middle finger.

At the conclusion of the State's evidence, the trial court asked defendant if he wished to testify or to present any evidence for the defense. Defendant declined to do so. After a brief closing argument by the State, defense counsel repeated that defendant was not contesting the sufficiency of the evidence. The trial court found defendant guilty of armed robbery and aggravated battery.

On appeal, defendant argues that his convictions must be reversed because his stipulated bench trials were tantamount to guilty pleas because defense counsel conceded the sufficiency of the evidence and no Rule 402 admonishments were read to defendant.

As support for his argument, defendant relies primarily on this court's decision in *People v. Smith* (1974), 59 Ill. 2d 236. In *Smith*, the defendant was arrested and charged with misdemeanor theft and other related offenses. After accepting the defendant's guilty plea and imposing sentence, the trial court learned that the defendant was actually a minor. As a result, the trial court vacated his convictions and transferred the case to the juvenile court. Subsequently, the case was transferred to the criminal division of the circuit court, where

the defendant raised a double jeopardy defense. The double jeopardy defense was rejected and the defendant was convicted of felony armed robbery in a stipulated bench trial. At the bench trial, the defendant presented no evidence, and the prosecutor stated that defendant had *stipulated* that "the facts as presented are sufficient under the law to find the defendant guilty of the crime charged beyond a reasonable doubt." *Smith*, 59 Ill. 2d at 239.

On appeal, this court reversed the defendant's felony armed robbery conviction, holding that it was "constitutionally impermissible" for the State to pursue the felony armed robbery charge after the defendant's misdemeanor convictions were vacated. (*Smith*, 59 Ill. 2d at 242.) The case was remanded for a new trial on the lesser charges alone.

In addition, this court condemned the manner in which the defendant's stipulated bench trial was conducted. Specifically, this court stated:

> "Moreover, we cannot condone the procedure described as a 'stipulated bench trial' which was utilized to obtain defendant's armed-robbery conviction. The record reflects that *the stipulation was designed to establish guilt beyond a reasonable doubt.* Under such circumstances counsel's action was tantamount to a guilty plea on behalf of the defendant without the requisite admonishments of Rule 402." (Emphasis added.) (59 Ill. 2d at 242.)

This court emphasized that the defendant was not made aware of the stipulation's effect, which amounted to the entry of a guilty plea. Thus, the defendant should have been "afforded the protections set forth by Rule 402." *Smith*, 59 Ill. 2d at 243.

*Smith* relied primarily on this court's decision in *People v. Stepheny* (1974), 56 Ill. 2d 237, for its language concerning the impropriety of the stipulated bench trial.

In *Stepheny*, the defendant was charged with murder and convicted of voluntary manslaughter after a bench trial. On appeal, the defendant argued that his trial was a "sham and a mere formality" because his attorney, the prosecutor, and the judge had previously agreed to the result in the case without informing the defendant. (*Stepheny*, 56 Ill. 2d at 239.) In fact, the judge and opposing counsel had agreed that, regardless of the evidence, the defendant would be found guilty of manslaughter and sentenced to 10 to 20 years' imprisonment. This court reversed the defendant's convictions, holding that "defense counsel agreed to a disposition of the matter and that defendant was at most only vaguely apprised of this procedure." *Stepheny*, 56 Ill. 2d at 240.

After *Smith*, numerous appellate court decisions addressed the issue of whether a stipulated bench trial is tantamount to a guilty plea. A survey of these post-*Smith* decisions indicates that the court has uniformly held that a stipulated bench trial procedure is not tantamount to a guilty plea *if the defendant presented and preserved a defense.* (See *People v. Leckner* (1986), 149 Ill. App. 3d 314; *People v. Hart* (1986), 144 Ill. App. 3d 103; *People v. Sampson* (1985), 130 Ill. App. 3d 438; *People v. Bonham* (1982), 106 Ill. App. 3d 769; *People v. Carlton* (1980), 81 Ill. App. 3d 738; *People v. Banks* (1979), 71 Ill. App. 3d 15; *People v. Ford* (1976), 44 Ill. App. 3d 94; *People v. Russ* (1975), 31 Ill. App. 3d 385; *People v. Fair* (1975), 29 Ill. App. 3d 939.) In this case, defendant presented and preserved a defense, *e.g.*, the suppression of evidence, and thus the State argues defendant's stipulated bench trials were not tantamount to guilty pleas. However, defendant argues that those cases are not persuasive because none of the defendants in those cases stipulated or otherwise conceded the sufficiency of the evidence.

We find that defendant's first stipulated bench trial, pertaining to the July 19 incident, was not tantamount to a guilty plea, but the defendant's second stipulated bench trial, pertaining to the July 16 incident, was tantamount to a guilty plea. Regarding defendant's first stipulated bench trial, defendant's reliance on *Smith* is misplaced. In *Smith*, we condemned the stipulated bench trial because defense counsel *stipulated* that the evidence was sufficient to convict. "A stipulation is to be given its natural and ordinary meaning." (*People v. Joe* (1964), 31 Ill. 2d 220, 226.) The natural and ordinary meaning of the stipulation in *Smith*, *i.e.*, that "the facts as presented are sufficient under the law to find the defendant guilty of the crime charged beyond a reasonable doubt" (*Smith*, 59 Ill. 2d at 239), constituted a guilty plea. Thus, the defendant was entitled to Rule 402 admonishments.

In the case at bar, defense counsel did not stipulate to the legal conclusion to be drawn from the evidence, as counsel did in *Smith*. Rather, defense counsel stipulated to the State's evidence, and then during closing argument, commented that the evidence was sufficient to convict. Comments during closing argument are not considered evidence. Thus, when counsel conceded the sufficiency of the evidence to convict, defendant was not, in effect, entering a guilty plea. Furthermore, we do not believe that defendant's first stipulated bench trial was a "mere formality," as was the defendant's trial in *Stepheny*. In *Stepheny*, the attorneys and the judge privately agreed that the defendant was guilty, and merely went "through the motions of a trial." (*Stepheny*, 56 Ill. 2d at 238.) In defendant's first stipulated bench trial, despite the fact that defense counsel conceded the sufficiency of the evidence, the State still had to prove defendant guilty beyond a reasonable doubt. There was no private agreement that defendant was guilty. Thus,

we conclude that defendant's first stipulated bench trial was not tantamount to a guilty plea even though counsel conceded the sufficiency of the evidence.

In so holding, we adopt the rule uniformly applied by the appellate court that a stipulated bench trial is not tantamount to a guilty plea if the defendant presented and preserved a defense. A guilty plea waives all non-jurisdictional defenses or defects. (*People v. Jackson* (1970), 47 Ill. 2d 344, 348.) As noted in the appellate court opinion, a stipulated bench trial can avoid the waiver rule while still allowing the parties to proceed with the benefits and conveniences of a guilty plea procedure. (193 Ill. App. 3d at 702; see *People v. Sullivan* (1979), 72 Ill. App. 3d 533, 538.) We believe that this is what counsel did in defendant's first stipulated bench trial. Counsel realized that defendant's only viable defense theory was the suppression of the identification and fingerprint evidence. Thus, he opted to proceed through a stipulated bench trial, and preserve defendant's suppression issue.

Regarding defendant's second stipulated bench trial, we find that defense counsel not only conceded the sufficiency of the evidence, but he in fact *stipulated* to the sufficiency of the evidence to convict. As stated earlier, after the State detailed the stipulation pertaining to Mr. Marzolo's testimony, defense counsel stated "[b]ut, in terms of [the] sufficiency of the evidence, *we are stipulating.*" This comment places defendant's second trial directly within the confines of our prior holding in *Smith*. Thus, even though defendant presented and preserved a defense in his second stipulated bench trial, *Smith* applies and defendant should have "be[en] afforded the protections set forth by Rule 402." See *Smith*, 59 Ill. 2d at 243.

Defendant next argues that his counsel was ineffective because he conceded the sufficiency of the evidence

at the two stipulated bench trials. Given that we determined that defendant's second stipulated bench trial was invalid because counsel *stipulated* to the sufficiency of the evidence and no Rule 402 admonishments were given, we now only consider whether defense counsel erred by commenting on the sufficiency of the evidence in defendant's first trial.

Ordinarily, to prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's substandard representation so prejudiced the defense as to deny the defendant a fair trial. (*People v. Albanese* (1984), 104 Ill. 2d 504, 525, citing *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.) To show actual prejudice, defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.

However, there are some circumstances where the two-part test set out in *Strickland* need not be applied. In *People v. Hattery* (1985), 109 Ill. 2d 449, this court stated that where " 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable.' " (109 Ill. 2d at 461, quoting *United States v. Cronic* (1984), 466 U.S. 648, 659, 80 L. Ed. 2d 657, 668, 104 S. Ct. 2039, 2047.) In these situations, prejudice to the accused will be presumed. *Hattery*, 109 Ill. 2d at 461, citing *Strickland*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.

In *Hattery*, the defendant was charged with murder. During his opening statement, defense counsel unequivocally conceded that the defendant committed the murders and that the defendant was eligible for the death penalty; counsel stated that the only question in the case was whether the death penalty should be imposed. During the course of the trial, defense counsel presented no evidence and declined to make a closing argument to the jury. Rather, while cross-examining the State's witnesses, counsel tried to establish that the defendant was compelled to commit the murders. Relying on *Cronic*, this court held that defense counsel did not subject the State's case to the meaningful adversarial testing required by the sixth amendment. (*Hattery*, 109 Ill. 2d at 464.) Further, this court stated that "[c]ounsel may not concede his client's guilt in the hope of obtaining a more lenient sentence where a plea of not guilty has been entered, unless the record adequately shows that defendant knowingly and intelligently consented to his counsel's strategy." *Hattery*, 109 Ill. 2d at 465.

Subsequently, in *People v. Johnson* (1989), 128 Ill. 2d 253, this court held that *Hattery* does not stand for the proposition that it is *"per se* ineffectiveness whenever the defense attorney concedes his client's guilt to offenses in which there is overwhelming evidence of that guilt but fails to show on the record consent by defendant." (*Johnson*, 128 Ill. 2d at 269.) This court stated that *Hattery* should be construed narrowly, and the defendant "faces a high burden before he can forsake the two-part *Strickland* test." (*Johnson*, 128 Ill. 2d at 269-70.) Applying *Hattery* to the facts in *Johnson*, this court concluded that defense counsel did not abandon "even the pretense" of defending his client, as counsel did in *Hattery*. (*Johnson*, 128 Ill. 2d at 270.) Although defense counsel conceded the defendant's guilt for murder, counsel did not concede guilt for the other charges such as at-

tempted murder, felony murder, armed violence, and aggravated battery. Thus, defense counsel did not entirely fail to subject the defendant's case to meaningful adversarial testing. *Johnson*, 128 Ill. 2d at 270.

Relying principally on *Hattery*, defendant now argues that by conceding the sufficiency of the evidence at his first stipulated bench trial, counsel failed to subject the State's case to meaningful adversarial testing. Defendant argues that his counsel advanced no theory of defense, presented no evidence, made no closing argument and made no attempt to hold the State to its burden of proof. Although counsel preserved the suppression of evidence issue for review, defendant argues that counsel failed to subject the State's case to meaningful adversarial testing during the course of the first stipulated bench trial. Specifically, defendant argues that counsel could have challenged the reliability of the eyewitness identifications and questioned the timing of the placement of the latent fingerprints. Consequently, defendant maintains his first stipulated bench trial was similar to the trial in *Hattery*, and thus defense counsel was ineffective.

We disagree. First, defense counsel did not *entirely* fail to subject the prosecution's case to meaningful adversarial testing. (See *United States v. Cronic* (1984), 466 U.S. 648, 80 L. Ed. 2d 657, 104 S. Ct. 2039.) Rather, counsel attempted to impeach the State's overwhelming evidence to the best of his ability. At the first stipulated bench trial, defense counsel attempted to discredit Selnes during cross-examination. In addition, defense counsel filed a pretrial motion to suppress identification evidence *alleging that defendant's lineups were unfairly and suggestively conducted,* and that any identification evidence from these lineups and the fingerprint evidence was the result of an illegal arrest. After an evidentiary hearing, the trial court denied defendant's mo-

tion, leaving defendant with no theory of defense to challenge the State's overwhelming evidence. We believe that by cross-examining the State's only witness, and by arguing that defendant's lineups were suggestively conducted, defense counsel did not entirely fail to subject the State's case to meaningful adversarial testing.

Second, as noted in *Johnson*, in situations where there is overwhelming evidence of guilt and no valid defense, if counsel contests all the charges he is likely to lose credibility with the trier of fact when arguing issues for which a legitimate defense exists. (*Johnson*, 128 Ill. 2d at 270.) That is precisely what happened in the case at bar. After the grand jury returned a 10-count indictment against defendant, counsel moved the trial court to sever the charges into three bench trials. Defense counsel did not want to lose credibility by contesting the charges relating to the July 16 and 19 incidents in which there was overwhelming evidence of defendant's guilt and no valid defense. Rather, counsel opted to contest the charges relating to the July 10 incident in which the State's evidence was less than overwhelming. Defense counsel ultimately prevailed in defendant's third bench trial, indicating counsel's strategy was effective. Because all three trials were before the same judge, and because the charges arose out of the same indictment, we believe that by conceding the evidence in defendant's two stipulated bench trials, counsel maintained his credibility for defendant's third bench trial where defendant had a legitimate defense.

Given that defense counsel did not entirely fail to subject the State's case to meaningful adversarial testing (see *United States v. Cronic* (1984), 466 U.S. 648, 80 L. Ed. 2d 657, 104 S. Ct. 2039), *Hattery* does not apply, and defendant must show prejudice under *Strickland*. To show prejudice, defendant must show that "there is a reasonable probability that, absent the errors, the fact-

finder would have had a reasonable doubt respecting guilt." (*Strickland*, 446 U.S. at 695, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068-69.) Assuming that counsel's comments to the court during closing argument were error, we do not believe that absent these remarks defendant would have been acquitted. The State presented enough evidence to prove beyond a reasonable doubt that defendant committed the offenses for which he was charged, and defendant has presented no evidence to contradict that finding. Thus, even if counsel had not conceded that the evidence was sufficient to convict defendant, we are convinced that the court would have found defendant guilty.

Given that defendant's second stipulated bench trial was tantamount to a guilty plea and the trial court failed to admonish defendant pursuant to Rule 402, we remand the cause to the circuit court for a new trial as to the July 16 incident. For the reasons stated, the judgment of the appellate court is affirmed in part and reversed in part, the judgment of the circuit court is affirmed in part and reversed in part, and the cause is remanded to the circuit court.

*Appellate court affirmed in part*
*and reversed in part;*
*circuit court affirmed in part*
*and reversed in part;*
*cause remanded.*

JUSTICES CALVO, BILANDIC and HEIPLE took no part in the consideration or decision of this case.