THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DAVID E. COX, Defendant-Appellant.

Third District   No. 3—90—0861

Opinion filed February 21, 1992.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Jay P. Hoffmann, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

Following a stipulated bench trial, the defendant, David E. Cox, was found guilty of unlawful possession of a controlled substance with the intent to deliver (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(a)(2)(B)). He was subsequently sentenced to a nine-year prison term. The defendant appeals.

The record shows in relevant part that the defendant was charged with unlawful possession with the intent to deliver and armed violence. The defendant subsequently filed a motion to suppress the evidence seized during the search which led to his indictment. Following a hearing, the trial court denied the motion. The defendant then requested a stipulated bench trial.

On the date of the stipulated bench trial, defense counsel informed the trial court that a plea agreement had been reached whereby the defendant would enter an open or blind plea to the possession with the intent to deliver charge and, in return, the State would dismiss the armed violence charge. The State would also stipulate that the defendant's suppression issue would be preserved for appeal. The court indicated that it had no problem with the proposal, but expressed concern about whether the defendant's right to appeal the denial of his motion to suppress could be preserved in this way. The court therefore recommended that the parties proceed with the stipulated bench trial. The defendant agreed and the stipulated bench trial was held immediately thereafter.

The parties stipulated to the facts which had been presented at the suppression hearing. Additionally, they stipulated that the white powdery substance seized in the instant case contained cocaine and that the total weight of the substance was 127.4 grams. They also stipulated that police officer Henry Minton would testify as an expert that, because of the way it was packaged and its weight, the substance was packaged with the intent to deliver. Following the presentation of the evidence, the State dismissed the armed violence charge. Both parties waived arguments, and the court found the defendant guilty of possession with the intent to deliver.

■ The defendant initially argues that his stipulated bench trial was tantamount to a guilty plea, and therefore, the trial court was required to admonish him under Supreme Court Rule 402 (134 Ill. 2d R. 402).

In support of his position, the defendant cites *People v. Horton* (1991), 143 Ill. 2d 11, 570 N.E.2d 320. He correctly notes that *Horton* held that a stipulated bench trial is not tantamount to a guilty plea and Rule 402 admonishments are not necessary, if the defendant presented and preserved a defense. However, he goes on to note that the *Horton* court also reaffirmed its earlier ruling in *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760, which held that where a defendant stipulates to the sufficiency of the evidence to establish guilt beyond a reasonable doubt, the so-called stipulated bench trial is the functional equivalent of a guilty plea and Rule 402 admonishments must be given. He further notes that the *Horton* court also reaffirmed its ruling in *People v. Stepheny* (1974), 56 Ill. 2d 237, 306 N.E.2d 872, which held that when the outcome has been agreed to in advance, rendering the subsequent proceeding a mere formality in which the court and the parties simply go through the motions of a trial, the so-

called stipulated bench trial is tantamount to a guilty plea and Rule 402 admonishments are required.

The defendant contends that because he informed the trial judge of his proposed plea agreement with the State, an agreement as to the outcome of the proceeding had been reached in advance as in *Stepheny* and he had stipulated to the sufficiency of the evidence as in *Smith*. He therefore argues that he was entitled to Rule 402 admonitions. Since he did not receive them, he contends that his conviction must be reversed.

Initially, we note that neither the defendant nor his attorney ever stipulated to the sufficiency of the evidence to establish his guilt beyond a reasonable doubt. While the defendant's offered plea bargain involved a guilty plea, the plea was never accepted and entered. We do not believe a guilty plea which is withdrawn before the trial can operate as a stipulation to guilt. See *People v. Saunders* (1985), 135 Ill. App. 3d 594, 482 N.E.2d 85 (Plea discussions that do not result in a guilty plea are inadmissible at trial).

Furthermore, we note that after the trial court determined that a stipulated bench trial should be held in order to preserve the defendant's suppression issue, the judge stated: "[I]t's my understanding then that what you're proposing now is that both sides are stipulating that in the question of guilt or innocence that I may consider the evidence I heard [at the hearing on the motion to suppress evidence] in this case." The trial judge's remark clearly establishes that the outcome had not been determined since he was going to weigh the evidence on the question of guilt or innocence.

In sum, the record shows that the defendant presented a defense, that he properly preserved the defense through a stipulated bench trial, and that the outcome of the bench trial was not predetermined. Therefore, we hold that the stipulated bench trial was not tantamount to a guilty plea and thus the trial judge was not required to admonish the defendant pursuant to Rule 402.

■ The defendant next contends that the sentencing scheme in effect when he committed the crime was different from the one in effect when he was sentenced. He therefore argues that he should have been allowed to elect the sentencing scheme under which he would be sentenced.

In pertinent part, section 6 of the Statute on Statutes provides:

"Two or more Acts which relate to the same subject matter and which are enacted by the same General Assembly shall be construed together in such manner as to give full effect to each Act except in case of an irreconcilable conflict. In case of an ir-

reconcilable conflict the Act last acted upon by the General Assembly is controlling to the extent of such conflict. ***

An irreconcilable conflict between 2 or more Acts which amend the same section of an Act exists only if the amendatory Acts make inconsistent changes in the section as it theretofore existed." Ill. Rev. Stat. 1989, ch. 1, par. 1105.

If two enactments are capable of being construed so that both may stand, a court should so construe them. *People v. Ullrich* (1990), 135 Ill. 2d 477, 553 N.E.2d 356.

We note that the statute in effect on August 10, 1989, when the defendant committed the crime of possession with the intent to deliver more than 100 grams of cocaine, provided for an enhanced sentencing range of 9 to 40 years. (Ill. Rev. Stat., 1988 Supp., ch. 56½, par. 1401.2.) Three public acts, all effective January 1, 1990, amended the applicable statute. The first two (Pub. Act 86—442, eff. Jan. 1, 1990, and Pub. Act 86—266, eff. Jan. 1, 1990) did not change the enhanced penalty (noted above) for the instant offense. The third public act (Pub. Act 86—604, eff. Jan. 1, 1990) provided that the penalty for possession with the intent to deliver more than 15 but less than 100 grams of cocaine was imprisonment from 6 to 30 years. It did not specifically address the penalty for possession with the intent to deliver over 100 grams.

Since the earlier enactments did specify a penalty range of 9 to 40 years' imprisonment for possession with the intent to deliver more than 100 grams of cocaine and the latter act did not, there is no real conflict between the acts concerning the penalty range for the specific offense of which the instant defendant was convicted. We therefore find that the sentencing scheme in effect at the time the defendant committed the instant offense, and at the time he was sentenced, was the same, *i.e.*, 9 to 40 years. Therefore, the trial judge properly sentenced the defendant within the applicable statutory range.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

McCUSKEY and GORMAN, JJ., concur.