THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VINCENT E. BOND, Defendant-Appellant.

Second District    No. 2—92—0968

Opinion filed February 10, 1994.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, Stephen E. Norris, Kendra S. Mitchell, and Mary H. Doyle, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE QUETSCH delivered the opinion of the court:

Defendant, Vincent Bond, was charged with the theft of over $300 (Ill. Rev. Stat. 1989, ch. 38, par. 16—1(a)(1) (now 720 ILCS 5/16—1(a)(1) (West 1992))). After the trial court denied defendant's motion to suppress statements, defendant agreed to a stipulated bench trial. The trial court found defendant guilty and sentenced defendant to five years' imprisonment. On appeal, defendant argues that the stipulated bench trial violated his right to due process. Specifically, he argues that, because his attorney stipulated that defendant was guilty of the charge, the bench trial was tantamount to a guilty plea and defendant had intended to go to trial. We affirm.

Defendant filed a motion to suppress statements on March 11, 1992. Defendant claimed that the police obtained incriminating statements from him without properly warning him of his *Miranda*

rights. The trial court denied defendant's motion. On May 14, 1992, the cause proceeded to a stipulated bench trial. Defendant's attorney stated that defendant stipulated that there was sufficient evidence to convict him of the crime charged but that he reserved his right to appeal the trial court's ruling on his motion to suppress. The assistant State's Attorney informed the court that defendant would need to be admonished pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402), as if he were entering a guilty plea.

The trial court proceeded to question defendant as to whether defendant intended to stipulate to certain evidence, whether his attorney had discussed other options with him, and whether his attorney had discussed the evidence in the case with him. Defendant responded in the affirmative to each of the trial court's questions. Defendant also affirmed that he wished to proceed to a stipulated bench trial in order to preserve issues pertaining to his motion to suppress. The trial court described the charge in the indictment and informed defendant of the possible sentences he could receive. The trial court also informed defendant that, by agreeing to a stipulated bench trial, he would be giving up the right to a jury trial, the right to be presumed innocent until the State proved his guilt beyond a reasonable doubt, the right to confront or cross-examine the State's witnesses, the right to call witnesses and present evidence in his own behalf, the right to testify in his own behalf, and the right to remain silent. The trial court asked defendant if he understood those rights and was willing to give them up in a stipulated bench trial. Defendant responded in the affirmative. Defendant claimed that he understood what was occurring, and he denied having any questions. The trial court asked him if he still wished to enter into a stipulated bench trial, and defendant responded in the affirmative. Defendant also executed a written jury waiver.

The State presented the following factual basis for the stipulated bench trial. Donald Swanson and Miles Remes worked for Remes Auto Body in Westmont, Illinois. At 10:54 on November 19, 1990, they entered the office of Remes Auto Body from the garage and saw a black male going through the desk. The desk contained currency. When they confronted the individual, the individual escaped on foot. They chased the individual but were unable to apprehend him. The individual took between $300 and $500 from the desk. Swanson identified defendant from a photographic lineup. Defendant also admitted to Officers Richard Musil and Vince Musiel of the Westmont police department that he was the individual who took money from Remes Auto Body.

The trial court asked defendant whether he was entering into the

stipulation freely and voluntarily, and defendant said "yes." Defendant denied that he was induced to enter into the stipulation by threats, coercion, or other representations. The trial court found defendant guilty and entered a conviction. On August 10, 1992, the trial court sentenced defendant to five years' imprisonment.

Defendant argues on appeal that the stipulated bench trial violated his right to due process because when he entered into it he did not understand that he was waiving his right to trial. According to defendant, because his attorney stipulated to the sufficiency of the State's evidence, he had effectively pleaded guilty. He claims further that, because he did not intend to plead guilty, the stipulated bench trial was invalid and he is entitled to a new trial. He raises no issues concerning his motion to suppress.

■ In *People v. Horton* (1991), 143 Ill. 2d 11, our supreme court discussed two types of stipulated bench trials. In one type, the defendant stipulates to the State's evidence, but does not stipulate to his guilt. (*Horton*, 143 Ill. 2d at 21.) Rather, he leaves it to the trial court to determine whether that evidence is sufficient to prove the defendant guilty beyond a reasonable doubt. (*Horton*, 143 Ill. 2d at 21.) In the second type of stipulated bench trial, the defendant stipulates to the sufficiency of the State's evidence. (*Horton*, 143 Ill. 2d at 22.) This type of stipulation is, in essence, a private agreement between the parties that the defendant is guilty. As such, it is therefore tantamount to a guilty plea, except that the defendant does not necessarily waive his right to appeal every issue that is not jurisdictional. (*Horton*, 143 Ill. 2d at 22.) Either type of stipulated bench trial allows the parties the "benefits and conveniences" of a guilty plea without requiring the defendant to waive issues such as the trial court's refusal to suppress evidence. *Horton*, 143 Ill. 2d at 22.

Before the trial court can accept a defendant's stipulation of guilt in the second type of stipulated bench trial, the trial court must afford him the protections that Supreme Court Rule 402 (134 Ill. 2d R. 402) provides to defendants who plead guilty. (*Horton*, 143 Ill. 2d at 22; *People v. McIntyre* (1991), 221 Ill. App. 3d 810, 812, 813.) However, although a stipulation of guilt is similar to a guilty plea, it is not merely a mislabled guilty plea, and the trial court need not refer to it as a guilty plea. *People v. Manuel* (1993), 242 Ill. App. 3d 20, 23.

■ The record in this case reflects that the trial court did substantially comply with Rule 402. The trial court informed defendant of the nature of the charge and the possible penalties. The trial court informed him that he would be giving up his right to a jury trial, his right to require the State to prove him guilty beyond a rea-

sonable doubt, his right to cross-examine witnesses, his right to present a defense, and his right to remain silent. The record also reflects that defendant stated that he understood the trial court's admonishments. There is nothing in the record to suggest that the stipulated bench trial was invalid. Furthermore, contrary to defendant's assertion, he need not have filed a motion to withdraw his guilty plea in order to appeal the trial court's denial of his motion to suppress. *Manuel*, 242 Ill. App. 3d at 23.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS, P.J., and WOODWARD, J., concur.