2020 IL App (2d) 180335-U
No. 2-18-0335
Order filed September 30, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Stephenson County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 18-CF-45 18-CM-71 |
| DONNA A. MOONEY, | ) ) | Honorable James M. Hauser, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's stipulated bench trial was tantamount to a guilty plea because she stipulated that the evidence was sufficient to convict her; therefore, she was entitled to, and did, receive admonishments under Supreme Court Rule 402 as to what rights she was giving up in not proceeding to trial; however, because a stipulated bench trial already preserves the right to appeal, defendant was not entitled to admonishments under Rules 604 and 605 regarding prerequisites for taking an appeal following a plea of guilty.

¶ 2    Following a stipulated bench trial, defendant, Donna A. Mooney, was convicted of

unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2018)).  She appeals,

contending that the stipulated bench trial was tantamount to a guilty plea but that the trial court failed to comply with the Illinois Supreme Court rules governing guilty pleas. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     After a canine sniff search of the vehicle in which she was riding, defendant was charged with unlawful possession of a controlled substance (case No. 18-CF045) and possession of drug paraphernalia (case No. 18-CM-71). Defendant moved to suppress the evidence, arguing that the dog immediately jumped into the vehicle before probable cause for a search developed. Following a hearing, the trial court denied the motion.

¶ 5     Defense counsel then requested "402 admonishments." The court conducted a conference under Illinois Supreme Court Rule 402 (eff. July 1, 2017), after which the parties agreed to a stipulated bench trial, which "would result in a finding of guilt by" the court and include an agreed-upon sentence. In exchange for defendant "admitting to" the unlawful-possession count, defendant would receive two years of first-offender probation. A conviction would enter on an unrelated charge of resisting a peace officer (case No. 18-CM-39), with defendant to pay only court costs, and the State would nol-pros the paraphernalia charge.

¶ 6     The court told defendant, "it's my understanding that you and your attorney are going to agree that if we were to have a trial, that is what the facts would be at the trial." Defendant agreed that that was her understanding. The colloquy continued as follows:

> "THE COURT: You're not going to be pleading guilty. You're just going to be agreeing to the facts that could be presented at a trial with the understanding that those facts would be a sufficient basis to find you guilty. Is that your understanding?
>
> THE DEFENDANT: Yes.

THE COURT: And by entering into this stipulated bench trial, you would be waiving or giving up your right to have a trial, either a jury trial or a judge trial. You would be giving up the right to cross-examine and confront the witnesses against you in open court. You would be giving up the right to call witnesses yourself, and the right to testify yourself. Do you understand that?

THE DEFENDANT: Yes."

¶ 7 The court informed defendant of the minimum and maximum possible sentences for the possession and resisting charges. The court found that defendant knowingly waived her trial rights. The prosecutor presented the stipulated facts, which were consistent with the evidence adduced at the suppression hearing. Defense counsel then stated:

"Judge, for the purposes of this stipulated plea and without being able to actually say that that's accurate, we'll stipulate that if the State's witnesses were called to testify, that's the fashion in which they would testify and that would lend the Court with the ability to find Miss Mooney guilty beyond a reasonable doubt."

¶ 8 The court imposed the agreed-upon sentence. Defendant filed a motion for a new trial, asking the court to reconsider its ruling on the suppression motion. The trial court denied the motion and defendant timely appealed.

¶ 9                                    II. ANALYSIS

¶ 10 On appeal, defendant contends that the trial court erred by failing to comply with Illinois Supreme Court Rules 604 and 605. Ill. S. Ct. R. 604 (eff. July 1, 2017); R. 605 (eff. Oct. 1, 2001). She argues that the stipulated bench trial was tantamount to a guilty plea, so that compliance with all rules governing guilty pleas, including Rules 604 and 605, was required.

¶ 11    A guilty plea waives all nonjurisdictional defenses and defects. *People v. Horton*, 143 Ill. 2d 11, 22 (1991). A stipulated bench trial can avoid this waiver while allowing the parties to retain the benefits of a guilty plea procedure. *Id.* Before *Horton*, a stipulated bench trial was considered tantamount to a guilty plea, requiring admonishments appropriate to a guilty plea, only if the defendant did not preserve a defense. *Id.* at 21. In *Horton*, the court distinguished between two types of stipulated bench trials. In one, defense counsel stipulates to the State's evidence but does not stipulate to the legal conclusion that the defendant is in fact guilty. *Id.* In the second type, counsel stipulates that the evidence is sufficient to convict. *Id.*

¶ 12    The defendant in *Horton* had two separate stipulated bench trials. The court found that the first was of the former type, while the second was of the latter, given that defense counsel stipulated to the sufficiency of the evidence. The court held that in the second case, "defendant was entitled to Rule 402 admonishments." *Id.*

¶ 13    Defendant contends that her stipulated bench trial was of the latter type, making it tantamount to a guilty plea and requiring all the procedures appropriate to a guilty-plea proceeding, including Rules 402, 604, and 605. Rule 402(a) provides that a "court shall not accept a plea of guilty or a stipulation that the evidence is sufficient" without admonishing the defendant of (1) the nature of the charge; (2) the minimum and maximum sentences; (3) that the defendant has the right to plead not guilty; and (4) that by pleading guilty or "stipulating the evidence is sufficient to convict, he or she waives the right to a trial by jury and the right to be confronted with any witnesses against him or her who have not testified." Ill. S. Ct. R. 402(a) (eff. July 1, 2012). Defendant concedes that the trial court complied with Rule 402(a) by advising her of the nature of the charge, the minimum and maximum sentences, and the trial rights she was giving up. Defendant contends, however, that the court was also required to comply with Rules 604 and 605.

¶ 14    The State does not dispute defendant's contention that the stipulated bench trial was tantamount to a guilty plea.  We agree and conclude that defendant's stipulated bench trial was tantamount to a guilty plea because defense counsel stipulated that the evidence was sufficient to convict her.  We agree with defendant that the trial court properly admonished her under Rule 402(a), but we hold that the court did not err in failing to admonish her under Rules 604 and 605.

¶ 15    "Supreme Court Rule 604(d) provides the requirements a defendant must meet when appealing from a judgment entered on a plea of guilty."  *People v. Jamison*, 181 Ill. 2d 24, 27 (1998).  Rule 605(b) complements Rule 604(d), providing the admonitions the trial judge must give when sentencing a defendant who pleaded guilty.  *Id.*  Compliance with Rule 604(d) is a prerequisite to an appeal for a defendant who pleads guilty.  *Id.* at 28.

¶ 16    Defendant cites *Jamison* and *People v. Thompson*, 404 Ill. App. 3d 265 (2010), in support of her argument that compliance with Rules 604 and 605 was necessary.  *Jamison*, however, involved a defendant who pleaded guilty.  Nothing in that case indicates an intent to apply Rules 604 and 605 to stipulated bench trials.  In *Thompson*, the defendant appealed after a stipulated bench trial.  The Third District stated that when a stipulated bench trial is tantamount to a guilty plea, compliance with the Supreme Court Rules covering guilty pleas is required, and "[s]uch rules would include [Illinois] Supreme Court Rules 605(c) and 604(d)."  *Id.* at 270.  However, the court concluded that the defendant's stipulated bench trial was not tantamount to a guilty plea.  Therefore, no admonishments were required and the court's statement about Rules 604 and 605 was *dicta*.

¶ 17    Subsequently, the Third District, in *People v. Weaver*, 2013 IL App (3d) 130054, rejected the precise argument that defendant makes.  The court noted that "a stipulated bench trial tantamount to a guilty plea is still a stipulated bench trial."  The court continued, "It allows a

defendant to avoid the forfeiture rule as to an issue that he or she seeks to preserve for appeal but take advantage of the benefits of a guilty plea." *Id.*, ¶ 23. Thus, admonishing the defendant per Rule 604(d) that she had to withdraw her stipulation in order to appeal would have been contrary to the purpose of a stipulated bench trial.

¶ 18    Similarly, this court has recognized that, "although a stipulation of guilt is similar to a guilty plea, it is not merely a mislabeled guilty plea." *People v. Bond*, 257 Ill. App. 3d 746, 749 (1994). Thus, a defendant need not move to withdraw his "guilty plea" in order to appeal the trial court's denial of a suppression motion. *Id.* at 750; see also *People v. Foote*, 389 Ill. App. 3d 888, 893-94 (2009) (trial court need only admonish defendant pursuant to Rule 402 if defendant stipulates to the sufficiency of the evidence to convict).

¶ 19    Our conclusion that compliance with Rules 604 and 605 was not required is further supported by the fact that Rule 402 refers, in addition to guilty pleas, to "a stipulation that the evidence is sufficient" (Ill. S. Ct. R. 402(a) (eff. July 1, 2012)), while Rules 604 and 605 do not (Ill. S. Ct. R. 604 (eff. July 1, 2007); R. 605 (eff. Oct. 1, 2001)). Accordingly, the trial court did not err by not admonishing defendant pursuant to Rules 604 and 605.

¶ 20                                    III. CONCLUSION

¶ 21    We affirm the judgment of the circuit court of Stephenson County.

¶ 22    Affirmed.