**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210247-U

Order filed May 15, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| | ) ) | Appeal No. 3-21-0247 Circuit Nos. 19-CF-359 and |
| v. | ) | 19-TR-4423 |
| | ) | |
| JAMES A. WOFFORD, | ) ) | Honorable Gregory G. Chickris, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HETTEL delivered the judgment of the court.
Presiding Justice Holdridge and Justice Albrecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant did not receive ineffective assistance of counsel.

¶ 2    Defendant, James A. Wofford, appeals his conviction for felony driving while license revoked (DWLR). Defendant argues that defense counsel provided ineffective assistance by failing to object to the lack of notice to defendant of his trial date in person or by certified mail, failing to object to the State's failure to prove that defendant willfully avoided trial, and agreeing to not retry defendant, which resulted in defendant being tried *in absentia*. We affirm.

¶ 3                                I. BACKGROUND

¶ 4        Defendant was ticketed for DWLR and later charged with felony DWLR (625 ILCS 5/6-303(a) (West 2018)). The court appointed the public defender to represent defendant. A docket entry from March 30, 2020, states that the "case has been reset to 7/14/20 @ 9AM. SAO to send notice." A docket entry from April 8 provides "Notice sent out to all parties, filed. Due to COVID 19." The record includes a "Re-set Notice" dated April 8 advising the bench trial was reset to July 14, 2020, and indicating that the notices were sent to defendant and his attorney.

¶ 5        On July 14, 2020, at the time for trial, defendant failed to appear. Defense counsel moved to continue and stated he did not know defendant's whereabouts. The court denied the motion. The matter proceeded to a trial *in absentia*. The State called an officer who testified that he effectuated a stop on defendant's vehicle and determined that defendant's license was revoked. The State also admitted the squad car video from the stop and a page of defendant's driving abstract which showed his license was revoked on the day the officer pulled him over. The State rested.

¶ 6        Defense counsel sought to admit the remainder of the abstract, but ultimately withdrew his request because he thought the State was "going to fail under *Apprendi*" as he believed that the State needed to prove the specific reason defendant's license was revoked. Counsel believed that the reason for the revoked license was an element the State needed to prove at trial and if they failed to do so, then they would be left with a basic DWLR charge rather than a felony DWLR. The court asked if the State would like to reopen and defense counsel argued they could not. The State responded it was a sentencing issue and did not want to reopen. The court found defendant guilty of DWLR, but decided to take the issue regarding the reason for revocation under advisement and ordered briefing.

¶ 7    While discussing a briefing schedule, a public defender's office assistant advised that defendant called and was almost to the courthouse. She stated, "He had trouble with a ride this morning because he does not have a license of his own." At that point, the court decided to wait for defendant to arrive. After defendant arrived, the court stated:

> "Previously we had a trial *in absentia*, the State presented its evidence, the defendant declined to present any evidence, and I found the defendant guilty of [DWLR].
>
> Now the defendant is here, and we have basically three options: We can start again and vacate what was done, and I can ignore all the evidence, or (2) the Defense can proceed and call the defendant as a witness if it wants, or both of you—or the State could move to reopen the evidence, or you both can agree that the evidence is closed."

The State advised it wanted to proceed as if the evidence was closed because it would put on the same evidence if another bench trial was held and defense counsel stated, "In agreement with that." The court noted it would not force a different result if both parties agreed the evidence was closed and defense counsel stated, "The evidence is closed."

¶ 8    After taking the matter under advisement and having briefing and argument on the issue of proof regarding the reason the license was revoked, the court found defendant guilty of felony DWLR. Defendant did not file a motion for new trial. He was sentenced to one year in prison. Defendant appeals.

¶ 9                                    II. ANALYSIS

¶ 10    Defendant argues that because he was not present when the trial was rescheduled he was required to be given notice by certified mail in order to be tried *in absentia* and the record does

3

not show that was done. Further, that in order to be tried *in absentia* the State also had to show defendant was willfully absent, which it did not do.

¶ 11　　　　Initially, we note that defendant forfeited the issues surrounding the trial *in absentia* because he did not object or move for a new trial on these bases. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (providing that in order to preserve an error for appellate review, a defendant must object to the error at trial and raise it in his posttrial motion). Defendant attempts to avoid forfeiture by alleging ineffective assistance of counsel. Specifically, defendant argues that these issues are reviewable because counsel was ineffective for failing to object to the trial *in absentia* due to the improper service and the State's failure to show he was willfully absent and for agreeing to not retry him once he arrived for trial. Defendant argues he was prejudiced because had counsel properly objected, the trial would not have proceeded or he would have received a new trial. Defendant argues counsel's failures resulted in the loss of his right to be present and confront the witnesses against him.

¶ 12　　　　"[T]o prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's substandard representation so prejudiced the defense as to deny the defendant a fair trial." *People v. Horton*, 143 Ill. 2d 11, 23 (1991). "To show actual prejudice, defendant must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "The failure to satisfy either the deficiency prong or the prejudice prong of the *Strickland* test precludes a finding of ineffective assistance of counsel." *People v. Enis*, 194 Ill. 2d 361, 377 (2000).

4

¶ 13    Here, assuming deficient performance by counsel, there is no prejudice to defendant by counsel's purported errors because defendant has not shown, or even argued, that there is a reasonable probability that but for counsel's errors the result of the proceedings would have been different. In other words, defendant does not argue and nothing in the record supports a determination that there was a reasonable probability that defendant would have been acquitted had he been present for trial. Thus, his claim fails.[1]

¶ 14                                    III. CONCLUSION

¶ 15    The judgment of the circuit court of Henry County is affirmed.

¶ 16    Affirmed.

---

[1] We have considered the additional authority cited by defendant—*People v. Session*, 2022 IL App (3d) 200335-U. Although the analysis in *Session* may be relevant to (1) issues surrounding deficient performance regarding the failure to object to trial *in absentia* on the bases of improper service and lack of willful absence, and (2) a plain error analysis, it is not relevant to the outcome of this matter when it does not affect the prejudice analysis regarding defendant's ineffective assistance claim and defendant has not raised a claim of plain error.