**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210370-U

Order filed May 25, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-21-0370 Circuit No. 15-CF-36 |
| DOMINQUE LADELL CARTER, | ) ) | Honorable Richard A. Zimmer, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HETTEL delivered the judgment of the court.
Justices Brennan and Davenport concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Remand for further *Krankel* proceedings not warranted where trial court held evidentiary hearing on defendant's claim of ineffective assistance of trial counsel and defendant failed to allege posttrial counsel's alleged deficient performance prejudiced him.

¶ 2     Defendant, Dominque Ladell Carter, appeals the denial of his posttrial motion. Defendant

argues that the matter should be remanded for further proceedings pursuant to *People v. Krankel*,

102 Ill. 2d 181 (1984), because: (1) the court failed to hold an evidentiary hearing on defendant's

posttrial claims of ineffective assistance of trial counsel, and (2) posttrial counsel appointed for the *Krankel* proceedings provided ineffective assistance. We affirm.

¶ 3                                      I. BACKGROUND

¶ 4        The State charged defendant with armed robbery (720 ILCS 5/18-2(a)(2) (West 2014)) and aggravated robbery (*id.* § 18-1(b)(1)). The matter proceeded to a jury trial.

¶ 5        During *voir dire*, the court asked all of the potential jurors if they understood and accepted the principles set forth in Illinois Supreme Court Rule 431(b) (eff. July 1, 2012). All of the potential jurors responded that they understood and accepted the Rule 431(b) principles. The State asked one potential juror if they understood that despite the right to have a firearm, "that you don't have a right to go out and use that gun to, you know, put in somebody's face and rob them?" The State asked another juror "[w]ith a pro gun stance that you've enumerated, you don't feel that a person should be able to use a firearm to take things from other people, do you?" These questions were asked in the presence of other potential jurors. Neither of these potential jurors ultimately served on the jury. Following the trial, the jury found defendant guilty of both counts.

¶ 6        Trial counsel filed a motion for new trial. Defendant filed various *pro se* motions alleging ineffective assistance of trial counsel. The court denied the motions. The court merged the convictions and sentenced defendant to 21 years' imprisonment for armed robbery. Defendant appealed. This court affirmed in part, vacated in part, and remanded with directions. *People v. Carter*, 2017 IL App (3d) 150572-U, ¶ 46. We determined that it was improper for the State to ask potential jurors whether they understood that it was unlawful to brandish a firearm during a robbery but that the error in asking the question did not amount to second-prong plain error. *Id.* ¶¶ 27-28. Specifically, we held that to establish second-prong plain error defendant needed to

2

show that the selected jury was biased but nothing supported defendant's claim that the question compromised the jury's impartiality and destroyed defendant's presumption of innocence. *Id.* ¶ 28. We reasoned, in part, that the selected jurors had stated they understood and accepted the principles of Rule 431(b), the question at issue was only asked to a single juror even though others heard it, and all the jurors agreed that they would find defendant not guilty if the State failed to meet its burden. *Id.* Additionally, this court found that the court failed to make a proper inquiry into defendant's *pro se* allegations of ineffective assistance of trial counsel and therefore, we remanded for the circuit court to conduct a preliminary inquiry into the allegations.

¶ 7        Following remand, the court inquired into defendant's ineffective assistance claims and appointed counsel to represent defendant on those claims. The court noted the *voir dire* question by the State that this court had found improper on direct appeal, and stated: "While the Appellate Court found that there was no plain error based upon that, I don't think the standard for plain error and ineffective assistance of counsel are the same, and that is largely why I am going to appoint counsel at this point, as well as having considered everything else that [defendant] and [trial counsel] said."

¶ 8        Posttrial counsel ultimately filed a posttrial motion and brief in support of the motion arguing that trial counsel was ineffective for failing to object to questions that indoctrinated the jury. Posttrial counsel specifically argued that the State improperly asked one juror whether they understood that they did not have the right to put a gun in somebody's face and rob them and asked another juror if they felt they should be able to use a firearm to take belongings from other people. Counsel quoted both of these purportedly improper questions and provided transcript cites. Posttrial counsel further argued that all the jurors heard these questions and that trial counsel failed to object such that the indoctrination spread through all the potential jurors. He

3

also noted that this court had already determined these questions were indoctrinating and thus, the failure to object to them and failure to object to the jury being empaneled constituted incompetence.

¶ 9    The State filed a reply brief arguing that defendant failed to allege prejudice due to trial counsel's failures and that defendant ignored this court's determination that there were no facts establishing that the selected jury was biased. The State also filed a motion to dismiss the posttrial motion.

¶ 10    At the hearing on defendant's posttrial motion, posttrial counsel stated that he believed they should proceed on the posttrial hearing and, after inquiry by the court, stated that he was ready to proceed. The court considered the State's motion to dismiss first. In its argument, the State analogized the plain error standard to the standard for ineffective assistance and argued that since this court had already found the jury was not biased by the improper questioning as part of its plain error analysis, defendant could not establish the prejudice required to establish his claim of ineffective assistance regarding the improper questions. After the State's argument, the court asked posttrial counsel, "[O]n that motion did you have any evidence, or do you just have arguments?" Counsel responded, "Just argument." Posttrial counsel's argument was essentially that dismissal of his posttrial motion was not appropriate and the matter should proceed to an evidentiary hearing on the motion. The following exchange occurred:

> "THE COURT: I said did you have evidence or arguments and you said it's just going to be arguments and now you're saying if I deny the motion there is going to be evidence?
>
> [POSTTRIAL COUNSEL]: You asked if there was going to be evidence on the motion to dismiss.

4

THE COURT: My intention—I thought I worded at all on the motion.

[POSTTRIAL COUNSEL]: Okay. No. There still isn't any, like, I don't have anybody to come and testify. I don't have any documentary thing to give you other than the transcripts. The evidence is in the transcripts."

Posttrial counsel then continued with his argument that trial counsel was ineffective because she failed to object to the indoctrinating questions and the appellate court already indicated she was ineffective. He further argued that all the jurors heard the indoctrinating questions so that it did not matter that the potential jurors to whom the questions were posed were not on the jury. Posttrial counsel argued that defendant was prejudiced by trial counsel's failure to object because every juror heard the improper questions and were indoctrinated by them such that they were all prejudiced.

¶ 11    The court denied the motion to dismiss because it did not believe it was the proper procedure. It then asked posttrial counsel about his posttrial motion and counsel stated that he just gave the court the full argument on why defendant should have a new trial. The following exchange then occurred:

"THE COURT: And so earlier you made reference to evidentiary hearing. You don't have any evidence?

[POSTTRIAL COUNSEL]: Again, correct—

THE COURT: Okay. I wanted to be clear.

[POSTTRIAL COUNSEL]:—things to present in terms of testimony or everyday, documentation other than the transcript of what was said, as well as what the Appellate Court had ruled."

Counsel continued arguing that the appellate court had already ruled the questions were indoctrinating and that trial counsel should have objected. He argued:

"Every single person who sat in this trial was put in a predetermined mindset that was to the disadvantage of my client, *** if his attorney had objected, could have asked for a mistrial, started the whole with a fresh venire. The questions were indoctrinating. The court's already said, yeah, they were. So we need a new trial to remedy the situation."

¶ 12        In response, the State quoted language from this court's order on direct appeal that nothing supported the claim that the improper questions compromised the jury's impartiality.

¶ 13        The court found that defendant had not shown any prejudice. In providing its reasoning, the court agreed with the State's analogy regarding plain error and prejudice. The court further indicated it was reading this court's order from the direct appeal and quoted language that the record did not support a claim that defendant received an unfair trial by a biased jury. The court denied the posttrial motion. Defendant appeals.

¶ 14        II. ANALYSIS

¶ 15        Defendant argues that the matter should be remanded for additional *Krankel* proceedings because (1) the court failed to hold an evidentiary hearing on his ineffective assistance claims, and (2) posttrial counsel provided ineffective assistance because the only issue counsel presented was frivolous.

¶ 16        In conducting *Krankel* proceedings, the court makes a preliminary investigation into defendant's claim of ineffective assistance of counsel. *People v. Moore*, 207 Ill. 2d 68, 77-78 (2003). "[I]f the allegations show possible neglect of the case, new counsel should be appointed. [Citations.] The new counsel would then represent the defendant at the hearing on the defendant's *pro se* claim of ineffective assistance." *Id.* at 78.

6

¶ 17	The parties dispute whether an evidentiary hearing is required once counsel is appointed to represent a defendant on his posttrial claims of ineffective assistance of trial counsel. We need not reach that issue as the record indicates an evidentiary hearing was held. Although neither the parties nor the court referred to the hearing on defendant's posttrial motion as an "evidentiary hearing," counsel was provided the opportunity to present evidence in support of defendant's claim. However, posttrial counsel did not do so and instead noted that the only evidence he had were the transcripts which would indicate the improper questions and this court's order on direct appeal. Thus, the hearing was an evidentiary hearing—there was just no evidence outside the record to present.

¶ 18	Even if an evidentiary hearing was required and the hearing did not constitute an "evidentiary hearing," errors in *Krankel* proceedings are subject to harmless error review (see, *e.g.*, *People v. Jackson*, 2020 IL 124112, ¶ 127). Any potential error in failing to hold a formal evidentiary hearing or not requiring counsel to expressly admit into evidence the transcript and this court's order was harmless because the court considered the substance of the only evidence posttrial counsel represented existed—the improper questions asked of the prospective jurors and this court's order. As such, it is clear the outcome would have been the same absent any purported error. See *id.* ("To establish that any error was harmless, the State must prove beyond a reasonable doubt that the result would have been the same absent the error."). Therefore, remand for further *Krankel* proceedings is not warranted.

¶ 19	Turning to defendant's claim that posttrial counsel was ineffective, "[o]rdinarily, in determining whether a defendant was denied the effective assistance of counsel, we apply the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by th[e] court in *People v. Albanese*, 104 Ill. 2d 504 (1984)." *People v. Cherry*, 2016 IL

7

118728, ¶ 24. "Under *Strickland*, to prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *Cherry*, 2016 IL 118728, ¶ 24.

¶ 20    To show deficient performance, defendant must show that counsel's performance was objectively unreasonable. *Id.* To show prejudice, defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. However, the two-part test need not be applied "[w]here 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing ***.' " *People v. Hattery*, 109 Ill. 2d 449, 461 (1985) (quoting *United States v. Cronic*, 466 U.S. 648, 659 (1984)). *Hattery*'s ruling is to be narrowly construed and "defendant 'faces a high burden before he can forsake the two-part *Strickland* test.' " *People v. Horton*, 143 Ill. 2d 11, 24 (1991) (quoting *People v. Johnson*, 128 Ill. 2d 253, 270 (1989)).

¶ 21    Defendant argues that posttrial counsel's performance was so deficient that it falls into the *Cronic*/*Hattery* exception and thus, he is not required to meet the two-part *Strickland* test for ineffectiveness. However, as our supreme court explained in *Cherry*, this exception applies "only when counsel ' "*entirely* fails to subject the prosecution's case to meaningful adversarial testing." ' " (Emphasis in original.) 2016 IL 118728, ¶ 29 (quoting *Bell v. Cone,* 535 U.S. 685, 697 (2002) (quoting *Cronic,* 466 U.S. at 659)). Here, posttrial counsel filed a supplemental posttrial motion arguing the claim of ineffective assistance that the court, when it appointed posttrial counsel, specifically indicated had potential. Posttrial counsel also filed a brief in support of that motion. Additionally, counsel vigorously argued both against the State's motion to dismiss and in support of the posttrial motion at a hearing. Thus, defendant is required to meet the two-part *Strickland* test, which "poses a problem for defendant because *** defendant failed to address

8

the prejudice prong of *Strickland* in his *** brief." *Cherry*, 2016 IL 118728, ¶ 30; see also Ill. S.

Ct. R. 612(b)(9) (eff. July 1, 2017) (providing that Rule 341 applies to criminal appeals); Ill. S.

Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (providing that "[p]oints not argued are forfeited ***").

Because defendant was required to meet the *Strickland* standard but failed to make any

arguments that he met that standard, his claim that posttrial counsel was ineffective necessarily

fails.

¶ 22                                    III. CONCLUSION

¶ 23        The judgment of the circuit court of Rock Island County is affirmed.

¶ 24        Affirmed.