THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES J. WESTERFIELD, a/k/a Charles J. Lard, Defendant-Appellant.

Third District   No. 3—92—0861

Opinion filed May 17, 1993.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

Larry VanDerSnick, State's Attorney, of Cambridge (John X. Breslin and Lawrence Michael Kaschak, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Charles J. Westerfield, was charged by information with one count of unlawful possession of a controlled substance with intent to deliver and one count of unlawful possession of a controlled substance. Following a stipulated bench trial, the defendant was found guilty of the former charge and sentenced to five years' imprisonment. On appeal, the defendant raises the following issues: (1) whether, where defense counsel did not merely stipulate to the State's evidence, but to the sufficiency of that evidence to sustain a conviction, guilty plea admonishments pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402) were required; (2) whether the defendant received ineffective assistance of counsel; and (3) whether the defendant's street-value fine should be reduced and then vacated. Because we find that Rule 402 admonishments were required on the facts of this case, we reverse and remand for a new trial.

On July 22, 1992, the defendant filed a motion to suppress evidence claimed to be illegally seized. The defendant alleged in his motion that property had been seized from his person during a search conducted without a warrant or probable cause to search or arrest him. Following a hearing on September 16, 1992, the circuit court denied the motion.

On September 21, 1992, the case came before the court for trial. The defendant waived his right to a jury trial in open court and indicated through counsel that he intended to stipulate that the evidence presented at the preliminary hearing and the hearing on the motion to suppress would be proved at trial. The defense counsel also stated that he agreed "that there's sufficient evidence to prove [the defendant] guilty beyond a reasonable doubt." The State then read a stipulated statement of facts that summarized the evidence presented at the suppression hearing and further indicated that the substance found on the defendant was cocaine. The cumulative weight of the cocaine was 5.3 grams. Defense counsel informed the court that the facts were strictly stipulated. The court found the defendant guilty of the count charging possession with intent to deliver and set the cause for sentencing.

At the sentencing hearing on October 30, 1992, the defendant presented a post-trial motion in which he contended that his motion to suppress evidence had been wrongly decided. The court denied the motion. The defendant testified that he would comply with the terms and conditions of probation, the disposition he had requested in an earlier letter to the court. Defense counsel argued that a sentence of

imprisonment was not what the defendant needed. The State responded that the defendant was ineligible for probation based upon the amount of cocaine he was found guilty of possessing. The trial judge and defense counsel indicated that they had assumed defendant could be put on probation. The trial judge then stated that he might not have granted probation anyway. The court subsequently sentenced the defendant to five years' imprisonment and ordered that he pay a street-value fine of $840.

On appeal, the defendant argues that his conviction should be vacated and the cause remanded because the trial court failed to apprise him of the mandatory sentencing consequences of his conviction. The defendant's argument is based on the supreme court's decision *People v. Horton* (1991), 143 Ill. 2d 11, 570 N.E.2d 320. In *Horton*, the supreme court held that when a defendant in a stipulated bench trial stipulates not only to the evidence, but also to the sufficiency of the evidence to convict, the proceeding is tantamount to a guilty plea, thus requiring Rule 402 admonishments. This is true even when the defendant preserves a defense for appeal. (See *Horton*, 143 Ill. 2d at 22, 570 N.E.2d at 325.) In that case, the supreme court was faced with two separate stipulated bench trials and found that guilty plea admonishments were required in only one of them. In the first trial, the defense counsel stipulated to the facts and conceded in closing argument that the evidence was sufficient to convict. Because comments made in closing arguments are not considered evidence, the court found that the defendant had not stipulated that the evidence was sufficient to sustain a conviction. The court found that the proceeding was not tantamount to a guilty plea. (*Horton*, 143 Ill. 2d at 21, 570 N.E.2d at 324.) In the second trial, defense counsel stipulated not only to the evidence but to the sufficiency of the evidence to sustain a conviction. After the State presented the stipulated facts, the defense counsel stated "[b]ut in terms of [the] sufficiency of the evidence, we are stipulating." The court found that guilty plea admonishments were required because the defendant was stipulating not only to the evidence but to the legal conclusion to be drawn from the evidence. *Horton*, 143 Ill. 2d at 22, 570 N.E.2d at 325.

Our analysis, therefore, must necessarily focus on whether the defense counsel in the instant case merely commented during argument that the evidence was sufficient to convict, or whether he was stipulating to that fact. The defense counsel's remarks in this regard were as follows:

> "THE COURT: Why don't you go ahead and state for the record what your intentions are.

MR. STOCKTON: Your honor, we have it set for pretrial conference; however, we are—well, not however; he is prepared to waive jury and then stipulate to the evidence that's been presented previously at the preliminary hearing and the motion to suppress evidence. That would be what would be presented as evidence at that trial, and therefore agree that there's sufficient evidence to prove him guilty beyond a reasonable doubt, and then the matter would have to be set for sentencing, as far as I know."

It is apparent to us from the above passage that defense counsel was stipulating that the evidence was sufficient to convict the defendant. The defense counsel, by his own statement, believed that the matter was essentially ready for sentencing. The State argues that the above comment was made in the argument portion of the proceeding rather than in the trial portion. However, we find that the State is being disingenuous in this respect, as the proceeding in the instant case was not divided into evidentiary and argument phases. The case was called, the defense counsel made the above-quoted remark, the judge admonished the defendant of various rights he was giving up, the State read the stipulated facts, and the court entered the conviction. The State argues that the above-quoted statement was made "far in advance" of the reading of the stipulated facts. An examination of the transcript of the proceeding shows the above comment was made two pages before the court asked for the facts to be read. In fact, the entire bench trial proceeding, from the calling of the case to the entry of conviction, occupied only six pages of transcript. The defense counsel's above-quoted remarks at the beginning of the proceeding indicated that the "trial" was going to be a mere formality.

As further support for our holding, we note that the trial judge himself apparently believed that Rule 402 admonishments were necessary. The judge told the defendant that the proceeding was the "next closest thing to pleading guilty," and that "it's still like pleading guilty except you're not admitting." The trial judge then went on to give the defendant most of the Rule 402 admonishments, but left out the one most critical to this defendant—the minimum and maximum sentences prescribed by law. The defendant had proceeded to that point on the assumption that he could be given probation for the charged offense.

The State has argued in the alternative that we should find that the court substantially complied with Rule 402, but we cannot do so when the court omitted the most important admonishment to this particular defendant. "Defendants are entitled to be properly advised of

the consequences of their acts, whether they are entering a plea of guilty or stipulating to evidence for a bench trial." *People v. Jones* (1991), 212 Ill. App. 3d 570, 574, 571 N.E.2d 278, 281.

For the reasons stated, we reverse the defendant's conviction and remand the cause for a new trial. Our resolution of this issue in the defendant's favor renders unnecessary a discussion of the other issues raised.

Reversed and remanded.

McCUSKEY, P.J., and SLATER, J., concur.