THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RAMON TORRES, Defendant-Appellant.

Second District   No. 2—94—1317

Opinion filed May 8, 1996.

G. Joseph Weller and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, for appellant.

Douglas P. Floski, State's Attorney, of Oregon (William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:

Defendant, Ramon Torres, appeals his convictions of theft (720 ILCS 5/16—1(a)(4)(A) (West 1994)) and attempted retail theft (720 ILCS 5/8—4(a), 16A—3(a) (West 1992)). Defendant contends that his convictions must be vacated because the stipulated bench trial was tantamount to a guilty plea and the trial court failed to admonish him in accordance with Supreme Court Rule 402 (134 Ill. 2d R. 402). We affirm.

On March 3, 1994, the State charged defendant by information with theft and attempted retail theft. Following a preliminary hearing, the theft charge was dismissed. On April 28, 1994, the State charged defendant by indictment with the theft offense. On May 18, 1994, defendant filed a motion to suppress physical evidence. The trial court denied the motion to suppress on August 15, 1994. On August 25, 1994, defendant filed a motion to reconsider the denial of the motion to suppress. The trial court subsequently denied the motion to reconsider.

On September 12, 1994, defendant waived his right to a jury trial and filed a written jury trial waiver. On September 20, 1994, defendant's counsel informed the court that defendant would proceed with a stipulated bench trial. At the beginning of the stipulated bench trial on October 3, 1994, defendant's counsel stated: "Your Honor, at this time we would have a stipulated bench trial to present to the court regarding facts that would support the, a finding of guilt[.]" The prosecutor then asked that, following the stipulated bench trial, "the matter be set over for sentencing." Defendant's counsel agreed with the prosecutor's statement.

After this conversation, the State presented the stipulated facts. Following the State's recital of the stipulated facts, the trial court asked defendant's counsel the following: "[T]hat's a stipulation as to [the] facts?" Defendant's counsel responded affirmatively. The trial court then accepted the stipulation and found that the stipulated evidence was sufficient to prove defendant guilty of both offenses. The trial court did not admonish defendant pursuant to Supreme Court Rule 402.

At a sentencing hearing on October 31, 1994, the trial court

sentenced defendant on the theft conviction to 364 days' periodic imprisonment and to a period of probation ending December 16, 1996. The court also ordered defendant to pay costs for both convictions. Defendant filed a notice of appeal on November 14, 1994.

■ On appeal, defendant contends that he was entitled to the admonishments required by Rule 402 because the stipulated bench trial was tantamount to a guilty plea. A stipulated bench trial, in which the defendant preserves a defense for appeal, is tantamount to a guilty plea when a defendant stipulates not only to the evidence, but also to the sufficiency of the evidence to convict. *People v. Westerfield*, 245 Ill. App. 3d 398, 400 (1993); see *People v. Horton*, 143 Ill. 2d 11, 22 (1991). If the stipulated bench trial is tantamount to a guilty plea, the trial court must admonish the defendant pursuant to Rule 402. *Westerfield*, 245 Ill. App. 3d at 400.

In *Horton*, the supreme court determined under what circumstances a stipulated bench trial is tantamount to a guilty plea. *Horton* involved two stipulated bench trials. In the first trial, defense counsel stipulated to the facts and, in closing argument, conceded that the evidence was sufficient to convict. In holding that the proceeding was not tantamount to a guilty plea, the supreme court found that, because the statements made during the closing argument were not evidence, the defendant had not stipulated to the sufficiency of the evidence. *Horton*, 143 Ill. 2d at 21-22. In the second stipulated bench trial, the supreme court held that the proceeding was tantamount to a guilty plea because defense counsel expressly stated that the defendant was stipulating to the sufficiency of the evidence. *Horton*, 143 Ill. 2d at 22.

■ In the present case, defense counsel did not explicitly state that defendant was stipulating to the sufficiency of the evidence. Defense counsel's comment regarding the stipulated bench trial was vague, and its exact meaning was unclear. We cannot say that the comment amounted to a stipulation regarding the sufficiency of the evidence. Unlike the second stipulated bench trial in *Horton*, defense counsel in the present case never expressly stipulated to the sufficiency of the evidence to convict. See *People v. Silas*, 278 Ill. App. 3d 400, 402 (1996). Therefore, defendant's stipulated bench trial was not tantamount to a guilty plea.

Defendant relies on *Westerfield* to support his argument that the stipulated bench trial was tantamount to a guilty plea. In *Westerfield*, the appellate court held that Rule 402 admonishments were required because defense counsel stipulated to the sufficiency of the evidence. *Westerfield*, 245 Ill. App. 3d at 401-02. We note that, in *Westerfield*, before the State read the stipulated statement of facts, defense

counsel specifically stated that he agreed " 'that there's sufficient evidence to prove [the defendant] guilty beyond a reasonable doubt.' " *Westerfield*, 245 Ill. App. 3d at 399. In contrast to *Westerfield*, defense counsel in this case made only a vague comment which did not amount to an express stipulation as to the sufficiency of the evidence.

We affirm the judgment of the circuit court of Ogle County.

Affirmed.

DOYLE and RATHJE, JJ., concur.