THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREG HAMALAINEN, Defendant-Appellant.

Second District    No. 2—02—0004

Opinion filed July 1, 2003.

Douglas R. Roberts, of Law Offices of Douglas Roberts & Associates, P.C., of Waukegan, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Kristine A. Karlin, of Mt. Prospect, for the People.

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Greg Hamalainen, appeals from his sentence of conditional discharge following his open plea of guilty to the offense of operating a motor vehicle with a blood-alcohol concentration in excess of 0.08 (625 ILCS 5/11—501(a)(1) (West 2000)). Defendant contends that the circuit court of Lake County erred by holding, pursuant to section 5—6—1(d)(1) of the Unified Code of Corrections (Code of Corrections) (730 ILCS 5/5—6—1(d)(1) (West 2000)), that a sentence of supervision was precluded as a result of his 1987 conviction of driving under the influence of alcohol (DUI) in the State of Wisconsin (see Wis. Stat. Ann. § 346.63 (West 1987)), because the Wisconsin statute was "similar" to the Illinois statute. We affirm.

On July 27, 2000, defendant was arrested and charged with the offenses of DUI (625 ILCS 5/11—501(a)(2) (West 2000)), driving with a blood-alcohol concentration in excess of 0.08 (625 ILCS 5/11—501(a)(1) (West 2000)), and driving in the wrong lane (625 ILCS 5/11—701 (West 2000)). On October 15, 2001, defendant entered an open plea of guilty on the charge of driving with a blood-alcohol concentration in excess of 0.08 (625 ILCS 5/11—501(a)(1) (West 2000)), and the remaining charges were nol-prossed.

At sentencing, defendant requested a sentence of court supervision. The trial court denied the request and imposed a sentence of conditional discharge instead. Defendant filed a motion to reconsider, which was denied. Following the hearing on defendant's motion to reconsider, the trial court entered an order specifically noting that defendant previously had been found guilty of driving with a prohibited blood-alcohol concentration in Wisconsin (see Wis. Stat. Ann. § 346.63 (West 1987)), and that the Wisconsin statute was similar to the Illinois statute for the purposes of section 5—6—1(d) of the Code of Corrections. Defendant timely appeals.

On appeal, defendant's sole contention is that the Wisconsin statute is not similar to the Illinois statute for purposes of section 5—6—1(d) of the Code of Corrections. Defendant argues that the first violation of section 346.63 (Wis. Stat. Ann. § 346.63 (West 1987)) is punishable only by a fine and not jail time. Wis. Stat. Ann. § 346.65(2)(a) (West 1987). According to defendant, the prosecution of a first-time offender is civil in nature (see *County of Racine v. Smith*, 122 Wis. 2d 431, 435, 362 N.W.2d 439, 441 (App. 1984)), and this renders the Wisconsin statute dissimilar to the Illinois statute for sentencing purposes. Because the statute is not similar to section 11—501 of the Illinois Vehicle Code (625 ILCS 5/11—501 (West 2000)), defendant argues, the trial court erred in determining that defendant was precluded by section 5—6—1(d) of the Code of Corrections from receiving a sentence of supervision.

■ The State first contends that defendant has waived or forfeited these arguments by failing to provide a sufficient record on appeal and by failing to obey the supreme court rules regulating the content and form of appellate briefs. We have examined the record and conclude that it is at least minimally sufficient to allow us to address defendant's contention on appeal. We further note, however, that defendant could have filed a bystander's report of the proceedings at issue here, which would have bolstered the record on appeal. As to the State's argument that defendant has failed to observe the requirements of the supreme court rules in completing his brief on appeal, we must agree. The State points out that defendant has not provided

pinpoint citations, has improperly compiled his table of points and authorities, and has not numbered the pages of his brief. While compliance with the supreme court rules is mandatory (see *Ryan v. Katz*, 234 Ill. App. 3d 536, 537 (1992)), the flaws in defendant's brief are not so serious as to preclude our ability to address the merits. We choose not to impose the harsh sanction of striking defendant's brief and dismissing the appeal (see *People v. Kraft*, 277 Ill. App. 3d 221, 224 (1995)), because the issues are straightforward and we believe the interests of justice are better served by addressing the merits of defendant's substantive argument on appeal.

The State argues that the two statutes are similar and, therefore, the operation of section 5—6—1(d) of the Code of Corrections precludes defendant, as a matter of law, from receiving a sentence of court supervision. We agree.

■ We begin our analysis by considering the pertinent portions of section 5—6—1 of the Code of Corrections (730 ILCS 5/5—6—1 (West 2000)). Section 5—6—1(c) of the Code of Corrections provides that a court may, upon a defendant's guilty plea or a stipulated bench trial, impose a sentence of court supervision. 730 ILCS 5/5—6—1(c) (West 2000). Section 5—6—1(d) of the Code of Corrections provides:

"The provision of paragraph (c) shall not apply to a defendant charged with violating Section 11—501 of the Illinois Vehicle Code [(625 ILCS 5/11—501 (West 2000))] or a similar provision of a local ordinance when the defendant has previously been:

(1) convicted for a violation of Section 11—501 of the Illinois Vehicle Code or a similar provision of a local ordinance or any similar law or ordinance of another state; or

(2) assigned supervision for a violation of Section 11—501 of the Illinois Vehicle Code or a similar provision of a local ordinance or any similar law or ordinance of another state; or

(3) pleaded guilty to or stipulated to the facts supporting a charge or a finding of guilty to a violation of Section 11—503 of the Illinois Vehicle Code [(625 ILCS 5/11—503 (West 2000))] or *** any similar law or ordinance of another state, and the plea or stipulation was the result of a plea agreement." 730 ILCS 5/5—6—1(d) (West 2000).

Section 11—501(a) of the Illinois Vehicle Code (625 ILCS 5/11—501(a) (West 2000)) provides, in pertinent part:

"A person shall not drive or be in actual physical control of any vehicle within this State while:

(1) the alcohol concentration in the person's blood or breath is 0.08 or more based on the definition of blood and breath units in Section 11—501.2 [(625 ILCS 5/11—501.2 (West 2000))];

(2) under the influence of alcohol[.]"

Section 346.63 of the Wisconsin Statutes provides, in pertinent part:

"(1) No person may drive or operate a motor vehicle while:
(a) Under the influence of an intoxicant, a controlled substance, a controlled substance analog or any combination of an intoxicant, a controlled substance and a controlled substance analog, under the influence of any other drug to a degree which renders him or her incapable of safely driving, or under the combined influence of an intoxicant and any other drug to a degree which renders him or her incapable of safely driving; or
(b) The person has a prohibited alcohol concentration." Wis. Stat. Ann. § 346.63(1) (West 1987).

Wisconsin's prohibited alcohol concentration is 0.10. Wis. Stat. Ann. § 885.235(1g)(c) (West 1987).

Under section 5—6—1(d) of the Code of Corrections, a defendant is precluded from receiving a sentence of court supervision when he has been convicted of a violation of section 11—501 of the Illinois Vehicle Code or a similar law of another state. The issue we must address, therefore, is whether section 346.63 of the Wisconsin Statutes is similar to section 11—501 of the Illinois Vehicle Code. To do so, we must first determine the meaning of "similar" in section 5—6—1(d) of the Code of Corrections.

■ Such a determination entails statutory construction. The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Mull v. Kane County Forest Preserve District*, 337 Ill. App. 3d 589, 591 (2003). The best indicator of the legislative intent is the language employed, and such language should be given its plain or ordinary and popularly understood meaning. *Mull*, 337 Ill. App. 3d at 591. Here, the key term to be understood is "similar." Defendant implicitly contends that "similar" must mean that the two statutes are essentially identical. The State, by contrast, contends that "similar" means that the statutes are alike in significant ways.

■ "Similar" is defined as:
"[h]aving a resemblance in many respects to, nearly corresponding with, is somewhat like, or has a general likeness to some other thing. [Citation.] Something less than being an exact duplicate of something else. [Citation.] Sometimes, depending upon the context in which it appears, meaning identical to exactly alike." Ballentine's Law Dictionary 1180 (3d ed. 1969).

It is also defined as "having characteristics in common : very much alike : comparable." Webster's Third New International Dictionary 2120 (1993). Based on these definitions, we conclude "similar" does not mean identical (and we see nothing in the context of section

5—6—1 of the Code of Corrections that would require such a construction); rather, it means having significant common characteristics. Thus, we further conclude that section 5—6—1(d) of the Code of Corrections requires only that the "similar law" of another state have significant characteristics in common with section 11—501 of the Illinois Vehicle Code.

■ When viewed side by side, the two statutes are "similar," as we have defined the term above. Both represent comprehensive schemes to regulate the use of motor vehicles by persons who are or may be impaired by alcohol or other substances. Both are clearly designed to enhance the safety of the public by prohibiting dangerous conduct. The fact that Wisconsin chooses to punish first-time offenders only by a fine without the possibility of jail time is not sufficient, standing alone, to render the two statutes dissimilar for purposes of section 5—6—1(d) of the Code of Corrections. Instead, we hold that the two statutes are similar under the Code of Corrections and that the trial court did not err in concluding that defendant was foreclosed from receiving a sentence of court supervision by virtue of his prior finding of guilt in violating section 346.63 of the Wisconsin Statutes.

Defendant asserts that criminal and civil cases fundamentally differ. Defendant does not, however, suggest that his violation of section 346.63 of the Wisconsin Statutes occurred in a summary proceeding or that he was otherwise denied the rights and protections inherent in criminal cases. Moreover, there is no support for such an argument present in the record. Accordingly, we reject this argument.

Defendant attempts to analogize his finding of guilt in the Wisconsin matter to an uncounseled plea of guilty in a misdemeanor, citing *People v. Finley*, 209 Ill. App. 3d 968 (1991). There, the court held that an uncounseled guilty plea to a misdemeanor DUI charge was not sufficiently reliable to enhance a current charge to felony status. *Finley*, 209 Ill. App. 3d at 971-73. *Finley* is distinguishable. In *Finley*, the issue was the enhancement of a sentence from nonincarceration to incarceration. Here, by contrast, at least two nonincarceration sentencing options remained available to the trial court, *i.e.*, conditional discharge (which defendant received) and probation. Thus, rather than enhancing defendant's sentence, here, his sentencing options were slightly reduced. We find it inconceivable that a trial court that would have sentenced a defendant to supervision if it were available would skip other nonincarceration alternatives and proceed directly to a sentence of incarceration once supervision was removed from the sentencing possibilities. This sufficiently distinguishes *Finley*, where the consequence to the defendant there was to enhance his sentence from nonincarceration to incarceration.

Defendant last contends that the lower blood-alcohol concentration employed in the Illinois statute renders it dissimilar to the Wisconsin statute. The level of blood-alcohol concentration chosen by each state to provide the cutoff for prohibited conduct does not change the goal or rationale of the statutes. As a result, the difference in the level of blood-alcohol concentrations prohibited in the two statutes does not constitute a sufficient difference to require us to hold that they are dissimilar under section 5—6—1(d) of the Code of Corrections.

Defendant also appears to imply that, because the conduct comprising his Illinois conviction would not have supported a conviction in Wisconsin, it makes the two statutes dissimilar. We disagree. The conduct was the same; namely, driving with a prohibited blood-alcohol concentration. Only the details differed, and not very significantly. Defendant might have had a stronger argument had the conduct supporting the first Wisconsin conviction been innocent conduct under the Illinois statute. In that case, a fair argument could have been made that the harsher legal environment should not support a previous conviction for the purposes of section 5—6—1(d) of the Code of Corrections. Such was not the case, and we reject defendant's argument.

For the foregoing reasons, therefore, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

BOWMAN and CALLUM, JJ., concur.