No. 3--02--0398

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2004

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 13th Judicial Circuit, 

 ) Grundy County, Illinois,

Plaintiff-Appellee, ) 

 )

v. ) No. 01--CM--1207

 ) 

JEANNIE M. WARD, ) Honorable

                                ) Robert C. Marsaglia,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE BARRY delivered the Opinion of the Court. ______________________________________________________________

Following a bench trial, the defendant was found guilty of distributing harmful material to a minor (720 ILCS 5/11--21(a) (West 2000)).  She was sentenced to serve one year's conditional discharge and four weekends in the Grundy County jail.  On appeal, the defendant argues that the State failed to prove the elements of the offense beyond a reasonable doubt.  We affirm.

BACKGROUND

The events at issue took place during the evening of December 27, 2001, in Coal City.  The defendant testified that she had a relationship with Richard Jurzak for about a year.  After the relationship ended, the defendant told Richard that she would return photographs of the defendant and Richard that were sexual in nature.

Jessica and Breanna Jurzak are Richard's daughters by another woman.  On the evening in question, Breanna was 10 years old and Jessica was 12 years old.  Jessica stated that she and Breanna were in the garage of her father's home when the defendant entered.  The defendant placed an envelope addressed to Richard on a bench in the garage.  She asked Jessica to give the envelope to Richard.  The envelope was sealed with tape.

The envelope is included in the record.  In the upper left corner of the envelope, "J. Jurzak" is written in the return address position.  Richard's name and address is written in the addressee's position.  In the upper right corner is an uncancelled first class postage stamp.

The defendant testified that she wrote "J. Jurzak" in the return address position of the envelope.  She said that during their relationship Richard had referred to her as "Jeannie Jurzak," although they had not been married.  The defendant also knew Jessica to be Richard's minor child.  The defendant had placed a letter to Richard and the sexually explicit photographs in the envelope.

The defendant alleged that she did not leave the envelope in Jessica's possession.  The defendant said that she gave the envelope to Tammy Reynolds with instructions for Reynolds to give the envelope to Richard.  Reynolds did not testify.

Jessica stated that she opened the envelope because she thought the name "J. Jurzak" in the return address position referred to one of her relatives.  After Jessica opened the envelope, she viewed the sexually explicit photographs.  Jessica's mother, Heather Jurzak, contacted the police and the defendant was charged.

After the presentation of the evidence, the trial judge stated that he believed Jessica's testimony and disbelieved the defendant's testimony regarding how the envelope came into Jessica's possession.  The judge found the defendant guilty and imposed sentence.  The defendant appealed.

ANALYSIS

The defendant submits that the State failed to prove the elements of the offense beyond a reasonable doubt.  Specifically, she contends that the State failed to prove that she had the requisite mental state to commit the crime.

When analyzing the sufficiency of the evidence, we review the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
People v. Barham
, 337 Ill. App. 3d 1121, 788 N.E.2d 297 (2003).

The offense of distribution of harmful material to a minor contains the following elements: "A person who *** knowingly distributes *** any harmful material to a child, is guilty" of the offense.  720 ILCS 5/11--21(a) (West 2000).  "Distribute means to transfer possession ***."  720 ILCS 5/11--21(b)(3) (West 2000).  "Knowingly, as used in this section[,] means having knowledge of the contents of the subject matter ***."  720 ILCS 5/11--21(b)(4) (West 2000).  According to this court's research, our analysis of the elements of this offense is a matter of first impression in Illinois.

The cardinal rule of statutory construction is to determine and give effect to the intent of the legislature.  The best indication of the legislature's intent is the language of the statute.  Such language should be given its plain or ordinary and popularly understood meaning.  
People v. Hamalainen
, 341 Ill. App. 3d 205, 792 N.E.2d 511 (2003).  We may not read exceptions, limitations, or conditions into a statute's language.  
People ex rel. Sherman v. Cryns
, 203 Ill. 2d 264, 786 N.E.2d 139 (2003).

In this case, the defendant acknowledges that the materials in the envelope were harmful.  The defendant, however, contends that she did not knowingly distribute the harmful materials to Jessica.

As aforesaid, under the statute, "[d]istribute means to transfer possession."  However, "possession" is not defined by the statute, so we give this term its plain or ordinary and popularly understood meaning.  See 
Hamalainen
, 341 Ill. App. 3d 205, 792 N.E.2d 511.

According to The Random House Dictionary of the English Language, Second Edition, the word "possession" is defined as "actual holding or occupancy, either with or without rights of ownership."  The Random House Dictionary of the English Language 1509 (2nd ed. 1987).  Black's Law Dictionary, Seventh Edition, defines "possession" as follows:

"1. The fact of having or holding property in one's power; the exercise of dominion over property.  2. The right under which one may exercise control over something to the exclusion of all others; the continuing exercise of a claim to the exclusive use of a material object."  Black's Law Dictionary 1183 (7th ed. 1999).

The evidence at trial showed beyond a reasonable doubt that the defendant transferred the envelope and its contents to Jessica with instructions to give the envelope to Richard.  After this act, Jessica had and held power and dominion over the envelope and its contents. 
 
Thus, the defendant distributed the envelope and its contents to a minor, as defined by the statute.

The defendant knew the contents of the subject matter of the photographs.  Therefore, the defendant's distribution of harmful materials to Jessica was done "knowingly," as that term is defined in the statute.  Taking the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could have found that the State proved the elements of distribution of harmful material to a minor beyond a reasonable doubt.

For the foregoing reasons, we affirm the Grundy County circuit court's judgment of conviction.

Affirmed.

Schmidt, J. specially concurring and Lytton, J., dissenting.

________________________________________________________________

JUSTICE SCHMIDT, specially concurring:

_________________________________________________________________

I concur in the judgment, but write separately because I do not totally agree with the analysis.  

I believe that the inclusion of the second definition of "possession" from Black's Law Dictionary is inappropriate.  That definition reads, "The right under which one may exercise control over something to the exclusion of all others; the continuing exercise of a claim to the exclusive use of a material object."  Black's Law Dictionary 1183 (
7th ed. 1999).  

With all due respect to the fine folks at Black's Law Dictionary, this is the only place I have seen the word "possession" defined as above.  This definition implies ownership.  I am unaware of any section of the criminal law that 
requires
 possession to include ownership.  

If "possession" is "the right to exercise control over something to the exclusion of all others," then a "mule" who knowingly agrees to take drugs from Mr. A and deliver them to Mr. B does not have "possession" of the drugs.  

What actually occurred here was a bailment.  The defendant (bailor) transferred the envelope and its contents to Jessica (bailee) with instructions to deliver it to her father.  Other than the confusion caused by the second definition under Black's Law Dictionary, there can be no question that this involved a transfer of possession.

I am aware that Justice Barry includes that second definition out of a sense of duty to be complete.  However, since that definition is contrary to the common understanding of the term "possession," I would not include it.  If, as the dissent suggests, that definition is correct, it would stand the law of possession in Illinois on its head.

JUSTICE LYTTON, dissenting:

I dissent.  Under the second Black's Law Dictionary definition quoted by the majority, there is a requirement that Jessica 
"continu[e]" 
to "exercise... a claim to the exclusive use of a material object."  
Slip
 
op
 at 5.  Although Jessica exercised some control over the sealed envelope, it is difficult for me to conclude that her control was "to the exclusion of all others", or that she exercised a continuing claim to its exclusive use.

The majority attempts to rationalize Jessica's "control", but merely restates the dictionary definition as if it were a recitation of supporting facts.  Instead of giving us a factual basis for its legal conclusion, the majority simply cites a legal conclusion, i.e., "Jessica exercised control over the envelope and its contents."  This is a meaningless repetition of the legal requirements of the statute as defined by Black's.  The majority gives us nothing but a legal conclusion to affirm this conviction.

I would reverse, finding that the statutory requirements were not met in this case.