*In re* A.L.C., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Sherry L.S., Respondent-Appellant).—*In re* B.S.C., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Sherry L.S., Respondent-Appellant).—*In re* K.L.C., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Sherry L.S., Respondent-Appellant).

Third District   Nos. 3—99—0423 through 3—99—0425 cons.

Opinion filed February 26, 2004.

Elizabeth A. Beck, of Barnes & Barnes, of Lacon, for appellant.

James D. Owens, State's Attorney, of Toulon (Lawrence M. Bauer and

Richard T. Leonard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Robert H. Rennick, Jr., of Massie & Rennick, of Galva, guardian *ad litem*.

JUSTICE LYTTON delivered the opinion of the court:

The trial court found the respondent mother, Sherry L.S., unfit because she had been convicted of a crime resulting from the death of a child by physical child abuse (750 ILCS 50/1(D)(f) (West 1998)). The respondent had been convicted of aggravated battery of a child and felony murder. The victim of these two offenses was the same child. The trial court then terminated the parental rights of the respondent mother regarding her children, A.L.C., B.S.C., and K.L.C. Her murder conviction has since been reversed (*People v. Smith*, No. 3—99—0405 (2002) (unpublished order under Supreme Court Rule 23)). On appeal, the respondent argues that the unfitness finding and termination orders should be reversed because her murder conviction was reversed and her aggravated battery conviction did not result from the death of a child. We affirm.

## FACTS

The respondent was charged with aggravated battery of a child (720 ILCS 5/12—4.3 (West 1998)) and felony murder (720 ILCS 5/9—1(a)(3) (West 1998)) based on the felony of aggravated battery of a child. The indictment states that both offenses resulted from the same incident on April 30, 1998, when the defendant "struck Kyle M.D. Smith about the body." The murder charge indicates that Kyle died as a result of this beating. The aggravated battery of a child charge states that Kyle was "a child under the age of 13." The presentence investigation notes that Kyle was the defendant's stepson.

This court reversed the respondent's murder conviction, but affirmed her conviction for aggravated battery (*People v. Smith*, No. 3—99—0405 (2002) (unpublished order under Supreme Court Rule 23)). In that order, we also vacated her aggravated battery sentence and remanded for resentencing.

The State's petition for leave to appeal from our reversal of the murder conviction was denied (*People v. Smith*, 201 Ill. 2d 606, 786 N.E.2d 197 (2002)). On remand, the trial court resentenced the respondent for aggravated battery. The respondent is currently appealing that sentence to this court.

On April 7, 1999, the State filed separate petitions to terminate the respondent's parental rights to each of her three children: A.L.C. (case No. 99—JA—1), B.S.C. (case No. 99—JA—2), and K.L.C. (case No. 98—JA—4). In each of the three petitions, the State alleged that

the respondent was unfit under section 1(D)(f) of the Adoption Act (Act) (750 ILCS 50/0.01 *et seq.* (West 1998)) because the respondent "was convicted of the offenses of First Degree Murder and Aggravated Battery of a Child."

The trial court held a hearing on the three petitions. The court's three written orders terminating the respondent's parental rights each say that "[t]he [State] present[ed] a certified copy of the jury verdict *** in which the mother of the minor was found guilty of the offenses of First Degree Murder and Aggravated Battery (Of A Child)." The court took judicial notice of "the common law record of the proceedings" in the criminal case. The orders say the court found that "the State [had] met its burden of proving the allegations within the Petition To Terminate Parental Rights." The orders state that the court found the respondent unfit and terminated her parental rights.

The respondent appealed the three termination orders separately. This court consolidated the three cases on appeal.

## ANALYSIS

The respondent contends that the termination of her parental rights should be reversed because the basis of the trial court's unfitness finding is no longer valid. She argues that because of the reversal of her murder conviction, she no longer stands convicted of a crime that falls within the ambit of section 1(D)(f) of the Act. Specifically, the respondent contends that her conviction for aggravated battery of a child was not based on the child's death.

■ A trial court's finding of unfitness will not be reversed on appeal unless it is against the manifest weight of the evidence. *In re J.J.*, 201 Ill. 2d 236, 776 N.E.2d 138 (2002). The termination of a parent's rights will not be reversed absent an abuse of the trial court's discretion. *In re V.O.*, 284 Ill. App. 3d 686, 673 N.E.2d 439 (1996).

■ The cardinal rule of statutory construction is to determine and give effect to the intent of the legislature. The best indication of the legislature's intent is the language of the statute. Such language should be given its plain or ordinary and popularly understood meaning. *People v. Hamalainen*, 341 Ill. App. 3d 205, 792 N.E.2d 511 (2003).

■ Under section 1(D)(f), a parent can be found unfit because of "a criminal conviction *** resulting from the death of any child by physical child abuse." 750 ILCS 50/1(D)(f) (West 1998). In this case, the respondent was convicted of the aggravated battery of a child. She contends that this conviction was not based on the child's death. The statute, however, does not require death to be an element of the offense for which a respondent is convicted. The plain language of the statute only requires the conviction to "result" from a death by physical child abuse.

■ The common law record of the defendant's criminal case showed that the defendant struck her stepson about the body and that the stepson was a child. The common law record also indicated that the stepson died as a result of the defendant's child abuse. Under the ordinary and popularly understood meaning of the language of section 1(D)(f), the respondent's conviction for aggravated battery of a child resulted from the death of the child by physical child abuse. We hold, therefore, that it was not against the manifest weight of the evidence for the trial court to find the respondent unfit under section 1(D)(f) of the Act. The trial court did not abuse its discretion by terminating her parental rights.

For the foregoing reasons, we affirm the judgment of the Stark County circuit court.

Affirmed.

HOLDRIDGE, P.J., and SLATER, J., concur.