No. 2--03--0854

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE OF ) Appeal from the Circuit Court

ILLINOIS, ) of Kane County.

)

Plaintiff-Appellee, )

) No. 02--CF--69

v. )

)

TRAVARES O. MITCHELL, ) Honorable

) Grant S. Wegner,

Defendant-Appellant. ) Judge, Presiding.

______________________________________________________________________________

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Tavares O. Mitchell, appeals his conviction of possession of a controlled substance with intent to deliver under the Illinois Controlled Substances Act (720 ILCS 570/401(a) (West 2002)).  Defendant argues that (1) the trial court erred in denying his motion to suppress drug evidence found pursuant to a strip search; (2) his stipulated bench trial was tantamount to a guilty plea, and the trial court failed to properly admonish him pursuant to Supreme Court Rule 402 (177 Ill. 2d R. 402); (3) the evidence was insufficient to show his guilt beyond a reasonable doubt; and (4) the mittimus must be amended to reflect the correct amount of credit for time served.  We reverse and remand.

I. FACTS

On January 10, 2002, Officer Rodriguez of the Kane County sheriff's office pulled over a driver he suspected of driving with a suspended license.  As he walked to the car, he noted that neither the driver nor her passenger (defendant) was wearing a seat belt.  He asked defendant to identify himself so that he could issue a seat belt citation, and defendant gave the officer a false name.  Officer Wolf, who had attempted to locate defendant the previous night in order to serve two arrest warrants on him, joined Rodriguez on the scene shortly thereafter.  Wolf suspected that defendant had given a false name and that he was actually Tavares Mitchell.  After some questioning, defendant admitted his true identity.

The officers arrested defendant pursuant to two outstanding arrest warrants, one a felony warrant and one a misdemeanor warrant.  Defendant was transported to the Kane County jail, where he submitted to a strip search that revealed he was carrying a bag with 23.2 grams of a "white rock-like substance" that appeared to the officers to be cocaine.  The officers later learned that the felony arrest warrant had been recalled and only the misdemeanor warrant remained valid at the time defendant was taken into custody.

The trial court denied defendant's motion to suppress the drug evidence discovered pursuant to the strip search, and the case went to trial.  Defendant waived his right to a jury trial and entered into a stipulated bench trial.  The written stipulation stated that defendant "waive[d] all claims or issues at bench trial based on 1) chain of custody of cocaine seized; 2) [t]he introduction or failure to introduce [t]he actual cocaine seized from [defendant]; 3) sufficiency of evidence at trial for court's finding defendant guilty at trial if such finding is entered."  The trial court did not give complete admonitions under Rule 402.  Following the stipulations, the trial court found defendant guilty of possession of a controlled substance with intent to deliver, and it sentenced him to six years in prison.  Defendant timely appeals.

II. DISCUSSION

Defendant's first contention on appeal is that the trial court erred in denying his motion to suppress the evidence discovered pursuant to the strip search.  We disagree.

A trial court's ruling on a motion to suppress presents mixed questions of both law and fact.  
People v. Pitman
, 211 Ill. 2d 502, 512 (2004).  Thus, our standard of review is twofold.  
First, we will uphold the trial court's findings of historical fact, unless such findings are against the manifest weight of the evidence.  
Pitman
, 211 Ill. 2d at 512.  However, we review 
de novo
 the ultimate legal question of whether the evidence should be suppressed.  
Pitman
, 211 Ill. 2d at 512.

In the current case, the trial court denied defendant's motion to suppress based on the language of section 103--1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/103--1 (West 2002)).  The Code states:

"No person arrested for a traffic, regulatory or misdemeanor offense, except in cases involving weapons or a controlled substance, shall be strip searched unless there is reasonable belief that the individual is concealing a weapon or controlled substance."  725 ILCS 5/103--1(c) (West 2002).

Defendant emphasizes on appeal that the officers did not have reasonable suspicion to search him upon taking him to the jail.  However, the Code provides an exception to the above-quoted rule:

"[Section 103--1(c)] shall not apply when the person is taken into custody by or remanded to the sheriff or correctional institution pursuant to a court order."  725 ILCS 5/103--1(j) (West 2002).

The trial court found that the plain language of the above exception made "a distinction between in-custody arrest based on a new offense and in-custody based on failure to appear, which occurred in this case."  Thus, the trial court ruled that the plain language of the statutory exception applied to defendant and that the strip search was not statutorily prohibited.

We agree with the trial court's reading of the Code.  The officers in this case took defendant into custody pursuant to a misdemeanor arrest warrant, which meets the "court order" requirement of section 103--1(j).  See 
People v. Johnson
, 334 Ill. App. 3d 666, 672-73 (2002) (section 103--1(j) exception applied where defendant was taken into custody pursuant to a civil arrest warrant).  Therefore, the situation presented in this case falls squarely within the language of the section 103--1(j) exception.

Defendant places substantial emphasis on his assertion that he was not going to be put into the "general population" of a correctional institution and thus that the section 103--1(j) exception should not apply.  We do not see any "general population" requirement in the Code, and we may not read exceptions, limitations, or conditions into a statute's language when none are expressed.  
E.g.
, 
People v. Ward
, 346 Ill. App. 3d 482, 484 (2004).

Further, adding a "general population" requirement to the Code would lead to absurd results.  For example, if police were to arrest a known gang leader under circumstances similar to those we see here, and if police were to take him to a jail where a substantial part of the prison population belonged to a rival gang, police might very well not place the gang leader into the "general prison population."  However, the Code surely would not forbid a strip search of the suspect simply because he was going to be placed in an area outside what might be termed the "general prison population."  For another example, if police were to arrest a defendant under circumstances similar to those we see here, and if that defendant were to exhibit violent or dangerous behavior (but exhibit no signs of concealing a weapon or controlled substance), police might very well put the defendant in an isolated area of the jail.  However, the Code surely would not forbid a strip search of the defendant.  Indeed, the fact that he was so dangerous would give police a clear need to thoroughly search him, even though they would not later place him in the "general prison population."  Likewise, police incarcerating a famous or notorious person might sequester that person for obvious safety reasons.  The Code surely would not exempt that person from a thorough search simply because the person was famous or notorious and had to be sequestered.

Defendant cites two Illinois cases that describe the rationale of allowing a strip search, and, indeed, those cases do refer to defendants entering the general prison population.  See 
Johnson
, 
334 Ill. App. 3d at 672-74; 
People v. Calvert
, 326 Ill. App. 3d 414, 424 (2001).  However, those cases did not declare an additional requirement to be read into section 103--1(j) of the Code (725 ILCS 5/103--1(j) (West 2002)).  Rather, they were merely articulating a rationale for the fourth amendment intrusion effected by a strip search.  See 
Johnson
, 334 Ill. App. 3d at 673-74.

The fourth amendment rationale is not limited only to cases in which the defendant enters the general population of the prison.  The court in 
Johnson
 stated that " ' "the modesty of one lawfully arrested must give way to reasonable precautionary procedures designed to detect hidden evidence, drugs, or objects which might be used against others or to cause self-inflicted harm." ' "  
Johnson
, 334 Ill. App. 3d at 673-74, quoting 
People v. Seymour
, 84 Ill. 2d 24, 40 (1981), quoting 
United States v. Klein
, 522 F.2d 296, 300-01 (1st Cir. 1975).  The rationale for allowing strip searches of defendants taken into custody applies not only to those taken into the "general prison population," but also even to those who might be locked up by themselves but nonetheless present a danger of causing self-inflicted harm.  The interest of law enforcement in thoroughly searching defendants set to be incarcerated is not based on the amorphous concept of whether they are to enter a "general prison population."  Instead, " 'officials in charge of the jail have a strong interest in preventing contraband drugs and especially weapons from 
entering
 the lockup.' "  (Emphasis added.)  
Johnson
, 334 Ill. App. 3d at 673, quoting 
Seymour
, 84 Ill. 2d at 39.

The court in 
Johnson
 drew its "general jail population" reference from 
Calvert
, 326 Ill. App. 3d at 424.  In 
Calvert
, the court stated, "[i]n light of the substantial need to ensure institutional security, good penal practices not only permit, they require strip searches before placing detainees into the general jail population."  
Calvert
, 326 Ill. App. 3d at 424.  We do not read 
Calvert
 as
 
declaring an additional requirement for a lawful strip search; rather, it was attempting to explain the law enforcement interest in conducting strip searches.  We hold that law enforcement officials have a valid interest in thoroughly searching any defendant who is "taken into custody by or remanded to the sheriff or correctional institution pursuant to a court order."  725 ILCS 5/103--1(j) (West 2002).

Defendant also cites 
Taylor v. Commonwealth of Virginia
, 28 Va. App. 638, 642, 507 S.E.2d 661, 663-64 (1998), in support of his argument that there exists a "general prison population" requirement for a valid strip search.  However, 
Taylor
 ruled a strip search constitutionally invalid where the strip search was conducted on a "minor non-jailable offender" and the officers did not have reasonable suspicion to search the defendant.  
Taylor
, 28 Va. App. at 642, 507 S.E.2d at 664.  It did not articulate any "general prison population" requirement, but instead balanced the fourth amendment considerations in the case.  The holding in 
Taylor
 does not affect our reasoning here.  See also 
People v. Chandler
, 88 Ill. App. 3d 644, 653 (1980) ("decisions of foreign jurisdictions are not binding upon Illinois courts").

Further, even if we were to hold that there is a "general jail population" requirement, the trial court found that "[t]here [was] no evidence that [defendant] was soon-to-be released or that he would not be going into the general population of the jail."  In a motion to suppress, the initial burden of proof is on the defendant.  
People v. Garvin
, 349 Ill. App. 3d 845, 851 (2004).  As stated above, we will not disturb the trial court's factual findings unless they are against the manifest weight of the evidence.  Therefore, even if we were to hold for some reason that there is some amorphous "general prison population" requirement in section 103--1(j) of the Code (725 ILCS 5/103--1(j) (West 2002)), that requirement would have been met in this case.

Defendant also argues that, but for the invalid felony warrant, he would have been taken to the Aurora city police station, not to the Kane County jail, and thus that the improper warrant precipitated the strip search.  He further argues that there was no evidentiary support for the trial court's finding that defendant would have been placed in the general prison population.  However, defendant's argument fails for three reasons.  First, as noted above, there is no requirement that strip searches be limited to defendants about to be placed in the general prison population.  Second, as noted above, the trial court did not state that defendant would have been placed in the general population; rather, it stated that defendant did not produce any evidence to indicate otherwise.  Third, the uncontroverted testimony of one of the officers indicated that he took defendant to the Kane County jail based on the valid misdemeanor warrant and the seat belt violation and that the invalid felony warrant had no effect on where defendant was taken.

Defendant also asserts that the strip search was a violation of his fourth amendment rights.  See 
U.S. Const., amend. IV.  However, the court in 
Johnson
 clearly addressed this issue, and it found that law enforcement's need to " ' "detect hidden evidence, drugs, or objects which might be used against others or to cause self-inflicted harm" ' " (
Johnson
, 334 Ill. App. 3d at 674, quoting 
Seymour
, 84 Ill. 2d at 40, quoting 
Klein
, 522 F.2d at 300-01) justified the intrusion on a defendant's constitutional rights, which are " 'diminished by the needs of the institutional environment' " (
Johnson
, 334 Ill. App. 3d at 673, quoting 
Seymour
, 84 Ill. 2d at 39).  Therefore, the court found that the fourth amendment was not offended by a strip search of a defendant who had been arrested pursuant to a civil warrant and taken into custody.  Likewise, here, the strip search of defendant did not offend the fourth amendment.

The test of reasonableness under the fourth amendment requires courts to consider (1) the scope of the particular intrusion; (2) the manner in which it was conducted; (3) the justification for initiating it; and (4) the place in which it was conducted.  
Johnson
, 334 Ill. App. 3d at 673, quoting 
Bell v. Wolfish
, 441 U.S. 520, 559, 60 L. Ed. 2d 447, 481, 99 S. Ct. 1861, 1884 (1979).  The scope of the intrusion was considered in 
Johnson
 and held to be acceptable in light of the other factors; we hold likewise here.
 As for the manner of the intrusion, the police officers took defendant to a private area and asked him to disrobe, and they conducted their search.  The justification for the search and the prison environment in which it took place are discussed above.  Considering these factors, along with the diminished constitutional privacy afforded one confined to jail, we hold that the search here was reasonable.  The trial court's denial of defendant's motion to suppress was proper.

Defendant's second contention on appeal is that his stipulated bench trial was tantamount to a guilty plea and that the trial judge did not properly admonish him pursuant to Rule 402 (177 Ill. 2d R. 402).  We agree.

This contention presents two issues: first, whether the stipulated bench trial was tantamount to a guilty plea, and second, if so, whether admonitions were properly given under Rule 402.

None of the cases discussing the first issue articulates the proper standard of review.  There is no question of fact involved here; the first issue presents solely a question of law.  This court reviews pure questions of law under a 
de novo
 standard of review, without deference to the circuit court.  
People ex rel. Waller v. Harrison
, 348 Ill. App. 3d 976, 979 (2004).  Accordingly, we hold that whether a stipulation amounts to a guilty plea is a question to be reviewed 
de novo
.  Both parties agree with the application of 
de novo
 review.

A stipulated bench trial is tantamount to a guilty plea when a defendant stipulates not only to the evidence, but also to the sufficiency of the evidence to convict.  
People v. Torres
, 279 Ill. App. 3d 599, 601 (1996); 
People v. Westerfield
, 245 Ill. App. 3d 398, 400 (1993); see 
People v. Horton
, 143 Ill. 2d 11, 22 (1991).  If the stipulated bench trial is tantamount to a guilty plea, the trial court must admonish the defendant pursuant to Rule 402.  
Torres
, 279 Ill. App. 3d at 601.

In this case, defendant stipulated that he "waive[d] all claims and issues at bench trial based on *** sufficiency of evidence at trial for court's finding defendant guilty at trial if such finding is entered."  This language is clearly and unequivocally a stipulation as to the sufficiency of the evidence to convict.  In 
Horton
, the supreme court held that a defendant's stipulation as to the evidence in a case was not tantamount to a guilty plea (see 
Horton
, 143 Ill. 2d at 21; 
Westerfield
, 245 Ill. App. 3d at 400 (interpreting 
Horton
)), but his stipulation to the facts 
and
 the sufficiency of the evidence was tantamount to a guilty plea (see 
Horton
, 143 Ill. 2d at 22; 
Westerfield
, 245 Ill. App. 3d at 400).  The court held that guilty plea admonishments were required because the defendant was stipulating not only to the evidence but also to the legal conclusion to be drawn from the evidence.  
Westerfield
, 245 Ill. App. 3d at 400 (interpreting 
Horton
, 143 Ill. 2d at 22).  We hold the same here.

The State attempts to distinguish the above cases by arguing that the stipulation waived only defendant's "after-the-fact challenge to the sufficiency of the evidence."  In so arguing, the State places great emphasis on what it terms an "important qualifier -- 'if such finding is entered.' " The State argues:

"By its plain terms, the written stipulation was defendant's waiver of any issue with respect to the sufficiency of the evidence if the trial judge found him guilty on the basis of that evidence.  The written stipulation was a waiver of the sufficiency issue, not an admission that the stipulated evidence was sufficient."

The State cites no authority for the distinction it attempts to draw here, and we disagree with its interpretation.  The "qualifier" is but meaningless surplusage.  The stipulation states that the evidence is sufficient to convict; the "qualifier" merely stands for the circular proposition that, if defendant is convicted based on the evidence, then the evidence is sufficient to convict.  It is not a "qualifier" at all.  Further, even if the phrase did qualify the stipulation in the way the State argues, the trial court would still have been able to consider, in making its ruling, the fact that defendant would not challenge the sufficiency of the evidence to support the ruling.

Moreover, the stipulation did not concern only after-the-fact challenges to the evidence.  The trial court relied on the stipulations in reaching its ruling, and the text of the stipulation itself clearly states that defendant was waiving claims and issues "at bench trial."  In fact, the trial judge even asked defendant, "you do understand that the nature of a stipulated bench trial is much like a plea of guilty?"

The State argues that the oral stipulations entered in open court concerned only the evidence and not the sufficiency of the evidence.  However, the trial judge based his decision on the entire record, and, as discussed above, the written stipulation amounted to a guilty plea by defendant.

Accordingly, we hold that the stipulations in this case were tantamount to a guilty plea and that admonitions under Rule 402 were required.  Our review of the record shows that the trial court did not admonish defendant pursuant to Rule 402.  See 177 Ill. 2d R. 402.  Indeed, the State does not argue that the admonitions given defendant satisfied Rule 402.  Therefore we must reverse defendant's conviction and remand the cause for a new trial.  See 
Westerfield
, 245 Ill. App. 3d at 402 (reversing and remanding for a new trial where Rule 402 admonitions not given).

We note that retrial of defendant will not offend double jeopardy, because we reverse his conviction due to trial error and not for evidentiary insufficiency.  See 
People v. Mink
, 141 Ill. 2d 163, 173 (1990). 

Finally, we note that the State agrees with defendant's assertion that he should have received an additional two days' credit for time served.  If defendant is convicted on remand, he should receive the additional two days' credit.

For the foregoing reasons, the order of the circuit court of Kane County is reversed and the cause is remanded.

Reversed and remanded.

JUSTICE McLAREN, specially concurring.

I do not have major disagreement with the result of the majority opinion.  However, I believe that the analysis regarding the denial of the motion to suppress is overly broad.  Therefore, I submit the following analysis to affirm the denial of the motion to suppress.

The officers arrested defendant because of two outstanding warrants, one for a felony charge and one for a misdemeanor trespass charge.  The felony warrant was, unbeknownst to the officers, withdrawn.  The officers therefore had a rational basis to take defendant to the county jail rather than to a local police department.  Assuming, 
arguendo
, that they did not have a rational basis, the result would be the same.  Defendant's argument regarding the statutory basis for suppression, including the argument regarding the "general population" of the jail, is a red herring.  Defendant has failed to cite to any authority that suggests that a criminal defendant has the right to be taken to a municipal facility, instead of being remanded to the sheriff or a correctional institution, when a court enters an order of arrest.  Defendant was processed in the ordinary course of the jail procedures and was strip searched.  Defendant claims that he should not have been strip searched because of section 103--1 of the Code of Criminal Procedure (Code), which provides:

"No person arrested for a traffic, regulatory or misdemeanor offense, except in cases involving weapons or a controlled substance, shall be strip searched unless there is reasonable belief that the individual is concealing a weapon or controlled substance."  725 ILCS 5/103--1(c) (West 2002)

The trial court found that the above section was inapplicable because it "shall not apply when the person is taken into custody by or remanded to the sheriff or correctional institution pursuant to a court order."  See 725 ILCS 5/103--1(j) (West 2002).

The misdemeanor warrant, although for trespass rather than a weapons or controlled substance violation, was instituted by a trial court and, therefore, was pursuant to an order of the court.  The bench warrant, unlike that in 
Johnson
, was not for a failure to appear, even though the trial court here made reference to failure to appear as a distinguishing difference. I believe that it is immaterial whether a warrant is based upon a criminal charge or a failure to appear so long as the warrant is issued by a court.

Defendant places substantial emphasis on his assertion that he was not going to be put into the "general population" of a correctional institution and, thus, that the section 103--1(j) exception should not apply to section 103--1(c).  There is no exception relating to the "general population" in the section 103--1(j) exception.  Therefore, the section 103--1(j) exception applies and there is no reason to address defendant's statutory argument further.

Defendant also asserts that the strip search was a violation of his fourth amendment rights.  I agree with the analysis of the majority regarding this argument.

Finally, I have an observation regarding the analysis concerning the stipulated bench trial.  The majority states as follows:

"There is no question of fact involved here; the first issue presents solely a question of law.  This court reviews pure questions of law under a 
de novo
 standard of review, without deference to the circuit court.  
People ex rel. Waller v. Harrison
, 348 Ill. App. 3d 976, 979 (2004).  Accordingly, we hold that whether a stipulation amounts to a guilty plea is a question to be reviewed 
de novo.
" Slip op at 9.

I believe that the conclusion, "whether a stipulation amounts to a guilty plea is a question to be reviewed 
de novo
," is overly broad. 
 
Additionally, it is not clear whether the two clauses in the first quoted sentence constitute a premise and a conclusion based upon the premise, or if the clauses are independent.  I can foresee other instances where there may be questions of fact as to what the stipulation may have been. I believe that the conclusion is correct only when there are no questions of fact involved as indicated in the first sentence of the quote, but not in the conclusion.  Therefore, I wish to distance myself from the pronouncement of the 
de novo
 
standard of review which implies or holds that 
de novo
 
review applies in 
all
 cases involving a purported stipulation constituting a guilty plea.

JUSTICE HUTCHINSON, specially concurring:

I respectfully agree with Justice McLaren that the analysis regarding the denial of the motion to suppress is overly broad.  The exception cited in the majority opinion and Justice McLaren's special concurrence, section 103--1(j) (725 ILCS 5/103--1(j) (West 2002)), is clear on its face, and we all agree that it was properly applied in this case.  In my opinion, the additional discussion concerning the "general population" argument is ill-advised and not necessary to resolve this issue.

I otherwise agree with the analysis of the majority opinion.